[L. A. No. 25894. In Bank. June 23, 1960.]

CAROLE ANN TREGOFF PAPPA, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

*Assigned by Chairman of Judicial Council.

Jerry Giesler, Robert A. Neeb, Jr., Donald Bringgold and Rexford D. Fagan for Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood, Ralph F. Bagley, Robert J. Lord and Harry B. Sondheim, Deputy District Attorneys, for Respondents.

GIBSON, C. J.—Carole Pappa and her codefendant, Doctor Raymond Bernard Finch, were each charged with murder and conspiracy to commit murder. The action was originally set for trial before Judge James G. Whyte, but he was disqualified upon a challenge by the People pursuant to the provisions of section 170.6 of the Code of Civil Procedure.[1]

---

[1]Section 170.6 of the Code of Civil Procedure is set forth in an appendix to this opinion [post, p. 349].

Judge Clement D. Nye, who was then assigned to hear the case, was disqualified upon a challenge by Finch under the same section, and the action was finally tried before Judge Walter R. Evans. The jury was unable to agree, and a mistrial was declared.

The action was set for retrial and is now pending before Judge LeRoy Dawson. Thirteen days prior to the date fixed for commencement of the retrial Mrs. Pappa, who had not previously attempted to exercise any rights under section 170.6, moved to disqualify Judge Dawson pursuant to the provisions of that section. The motion was denied, Mrs. Pappa commenced this proceeding to prevent Judge Dawson from hearing her case, and we granted an alternative writ of prohibition.

Section 170.6 provides that no judge shall try any action or special proceeding when it is established by an affidavit that he is prejudiced against a party or attorney so that the party or attorney cannot, or believes he cannot, have a fair and impartial trial before such judge. Facts showing prejudice need not be alleged or proved, and, where a timely motion to disqualify is made, supported by an affidavit alleging prejudice, the case or matter, without any further act or proof, must be assigned to another judge for trial or hearing.

Subdivision (3) of section 170.6 provides in part: "Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action . . . ; and in actions . . . where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action . . . *only one motion for each side may be made in any one action.*" (Italics added.) A criminal action is defined as the "proceeding by which a party charged with a public offense is accused and brought to trial and punishment. . . ." (Pen. Code, § 683; see also Code Civ. Proc., § 22.) It is clear that Finch's motion to disqualify Judge Nye must be considered as having been made in the pending "action" and that the retrial will not be a new "action" within the meaning of the italicized language of subdivision (3).

The question is whether the codefendants constitute a "side" as that term is used in subdivision (3). If so, Mrs. Pappa will not be entitled to have Judge Dawson disqualified since Finch had previously exercised a challenge under section 170.6. In *Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5], we recognized that although there are ordi-

narily two "sides" to a case, there may be more if codefendants have substantially adverse interests. The reasoning in Johnson, a civil case, is equally applicable to a criminal prosecution.

The burden is upon Mrs. Pappa to establish that her interests are substantially adverse to those of her codefendant, Finch. She, of course, is in a better position than the prosecution to acquaint the court with the basis of her claim, and the obligation to do so does not subject her to undue hardship. In this connection it must be remembered that until the enactment of section 170.6 in 1957 a party seeking to disqualify a judge on the ground of bias had to allege and prove the facts relied upon to establish prejudice. That procedure, which is contained in section 170 of the Code of Civil Procedure, remains available in a criminal as well as a civil action. Section 170.6, as we have seen, relieves a party of the necessity of specifying the facts relied upon as the basis of disqualification upon the ground of bias, and it thus extends a special privilege subject to the conditions set forth in the section. As pointed out in *Johnson* v. *Superior Court,* these conditions were imposed as safeguards designed to minimize abuses of the privilege. (50 Cal.2d 693, 697.) If for some reason a party does not desire to assume the burden of establishing that he comes within these conditions, he may pursue the alternative procedure under section 170 of alleging and proving the facts upon which he relies to establish prejudice.

The showing made by Mrs. Pappa is very meager. She asserts that a conflict of interest between herself and Finch exists because the record of the first trial will show that it has always been the theory of the People that Finch was the principal and that her role was that of an aider and abettor. She states that in view of the widespread interest in her case the court must have some knowledge of it and that the transcript of the first trial will show that her position is substantially adverse to that of Finch. It also appears that she made a motion for a separate trial, which was denied, and that she opposed a motion for change of venue made by Finch.

It is not claimed that this is a case where each defendant is attempting to avoid conviction by shifting responsibility for the homicide to the other, but, to the contrary, under Mrs. Pappa's assertions with respect to the theories of the prosecution, it appears likely that Finch's defenses against the charge that he was the principal would support

her defense against the charge of aiding and abetting. Although differences of opinion between codefendants as to procedural matters such as the desirability of a change of venue or a separate trial might, under some circumstances, show the existence of substantially adverse interests, it should not be assumed that this is true in the absence of a showing of what the circumstances are and how they affect each of the parties and the relationship between them. Mrs. Pappa does not give her reasons for seeking a separate trial or for opposing Finch's motion for change of venue, and it does not appear that these matters were sufficiently important to amount to a substantially adverse interest. Moreover, the prosecution asserts, and it is not disputed, that no evidence was introduced before Judge Dawson to establish that a conflict of interest existed between the two defendants. A showing on this matter should have been made by the moving party in the trial court before relief was sought here.

 It does not follow from the fact that Mrs. Pappa and Finch are represented by separate counsel that their interests are adverse. The cases of *People* v. *Robinson,* 42 Cal.2d 741, 745 et seq. [269 P.2d 6], and *People* v. *Lanigan,* 22 Cal.2d 569, 576-577 [140 P.2d 24, 148 A.L.R. 176], which involved court-appointed attorneys and the constitutional right to counsel, are not analogous to the situation here. In each of those cases the trial court, over objection, forced upon a defendant an attorney who represented a codefendant, and we held that every defendant is entitled to the undivided loyalty and untrammeled assistance of counsel of his own choice entirely apart from any diversity of interests. A different situation is presented where, as here, a limited privilege is involved which would not be available in the absence of a special statute and cannot be exercised except in accordance with that statute. The privilege conferred by section 170.6, unlike the right to counsel, may be exercised by more than one codefendant only where they have substantially adverse interests, and obviously the mere fact that they choose to be represented by separate counsel does not show that such a conflict of interests exists. Nor does the fact that an attorney may exercise the privilege under section 170.6 mean that the limitation of one motion to each "side" may be ignored and that the attorney may challenge a judge irrespective of whether disqualification of another judge has previously been obtained by his client or by a codefendant whose interests are not adverse to those of the client. Other-

wise, a party who exercised a challenge could continue to obtain disqualifications endlessly by the simple expedient of changing attorneys.

Under all the circumstances it seems clear that Mrs. Pappa has not established that she has interests substantially adverse to those of Finch.

 Particular emphasis is placed by Mrs. Pappa on the fact that Finch and the prosecution have each been permitted to disqualify a judge, and she contends that the constitutional guarantees of fairness and equality require that she also be permitted to do so. A similar argument was made in *Johnson* v. *Superior Court*, 50 Cal.2d 693, 700 [329 P.2d 5], where it was said as to the provision limiting each "side" to one challenge: "The Legislature could reasonably determine that this limited restriction was justified in order to prevent the undue delays which could otherwise occur, and we hold that section 170.6 does not arbitrarily discriminate against multiple parties."

The alternative writ is discharged, and a peremptory writ is denied. This order is final forthwith.

Traynor, J., McComb, J., White, J., and Dooling, J., concurred.

### Appendix

Section 170.6 of the Code of Civil Procedure reads as follows:

"(1) No judge of any superior, municipal or justice court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.

"(2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit that the judge before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge. Where the judge assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. In no event shall any judge entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a

hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be.

"(3) If such motion is duly presented and such affidavit is duly filed, thereupon and without any further act or proof, the judge supervising the master calendar, if any, shall assign some other judge to try the cause or hear the matter. In other cases, the trial of the cause or the hearing of the matter shall be assigned or transferred to another judge of the court in which the trial or matter is pending or, if there is no other judge of the court in which the trial or matter is pending, the chairman of the judicial council shall assign some other judge to try such cause or hear such matter as promptly as possible. Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section; and in actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding.

"(4) Unless required for the convenience of the court or unless good cause is shown, a continuance of the trial or hearing shall not be granted by reason of the making of a motion under this section. If a continuance is granted, the cause or matter shall be continued from day to day or for other limited periods upon the trial or other calendar and shall be reassigned or transferred for trial or hearing as promptly as possible.

"(5) Any affidavit filed pursuant to this section shall be in substantially the following form:

(Here set forth court and cause)

State of California ) ss.
County of )

............................................, being first duly sworn, deposes and says: That he is a party (or attorney for a party) to the within action (or special proceeding). That ............................... the judge before whom the trial of the (or a hearing in the) aforesaid action (or special proceeding) is pending (or to whom it is assigned), is prejudiced against the party (or his attorney) or the interest of the party (or his attorney) so that affiant cannot or believes that he cannot have a fair and impartial trial or hearing before such judge.

............................................

Subscribed and sworn to before me
this ..... day of .............., 19 ....
(Clerk or Notary Public or other officer
administering oath)

"(6) Nothing in this section shall affect or limit the provisions of Section 170 and Title 4, Part 2, of this code and this section shall be construed as cumulative thereto.

"(7) If any provision of this section or the application to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the section which can be given effect without the invalid provision or application and to this end the provisions of this section are declared to be severable."

PETERS, J.—I dissent.

The majority have misconstrued section 170.6 of the Code of Civil Procedure. As construed by the majority, the statute deprives petitioner of fundamental constitutional rights.

The Legislature, of course, was not required to grant to either civil or criminal litigants the right of peremptory challenge of a judge. But having decided to grant that right, it was required to grant it without discrimination. As interpreted by the majority, the discrimination is direct and apparent.

Section 170.6 was first adopted in 1957. (Stats. 1957, ch. 1055, p. 2228, § 1.) As then enacted, it applied only to civil actions. In 1959 (Stats. 1959, ch. 640, p. 2620, § 1) it was extended to criminal proceedings, apparently because the Legislature wanted to set at rest any possible question of constitutionality based upon discrimination against defendants in criminal actions. But because the statute was first enacted to apply only to civil proceedings and then, without any basic changes, extended to criminal proceedings, grave questions are presented as to whether the statute may be applied in identically the same fashion to both types of proceedings.

One of the main questions presented has to do with the burden of proof on such a motion. The majority opinion holds that on this motion, petitioner has the burden of showing that her interests conflict with those of her codefendant, Finch. However correct this rule as to the burden of proof may be in a civil case, it cannot be applied in a criminal proceeding. It is elementary, of course, that except as to certain affirmative defenses, in a criminal case, the burden is on the prosecution at all times.[1] The defendant is not required to speak, and cannot be compelled to speak, until the prosecution has proved a prima facie case.

It must be remembered that under section 170.6 the defendant is required to make the motion before the trial has commenced. To require this defendant to disclose a possible conflict of interest with her codefendant before the trial has commenced is necessarily to require her to disclose the elements of her defense before the People have put on their case.

The majority seek to justify their attempt to shift the burden of proof as to the existence of an adverse interest by reference to the rule that the burden is on the defendant when he moves on the ground of prejudice to disqualify a judge in a criminal case under section 170 of the Code of

---

[1]Thus, while in a civil case the burden is on the one asserting that the statute of limitations has run, in a criminal case "the prosecution has the burden of proving that the offense occurred within the applicable period of limitations." (14 Cal.Jur.2d, p. 446, § 202, and cases there cited.)

Civil Procedure. This is a *non sequitur*. The majority miss the point. Under section 170 the issue is actual prejudice. That issue has nothing to do with the nature or merits of the defendant's defense. It involves facts unrelated to the merits of defendant's defense. In such a situation the burden lawfully can be imposed upon the moving party. But under section 170.6 prejudice is conclusively presumed upon the filing of the affidavit. The burden the majority impose upon petitioner is the burden of showing that her interests are adverse to those of her codefendant. To do so requires that, before trial, she disclose the nature of her defense. This is an unconstitutional attempt to shift the burden of proof, deprives petitioner of a fair trial and denies to her due process of law.[2]

Moreover, we are here dealing with a situation where the jury was unable to agree after the first trial, and a new and different judge has now been selected to try the case. It would certainly not be a strained interpretation of section 170.6 to hold that, where there is a mistrial, the right of challenge granted by the section is applicable whatever happened in the first abortive proceeding. If the right of challenge is an important one, and the Legislature has determined that it is, of what benefit is the conferred right if it is exercised in a proceeding that is wholly abortive and denied in the very proceedings in which the guilt or innocence of the accused is to be determined? The answer suggests itself.

The majority opinion places great weight on the portion of section 170.6 providing that where there are multiple plaintiffs or defendants "each side" shall have but one challenge. This provision was upheld in *Johnson* v. *Superior Court,* 50 Cal.2d 693, 700 [329 P.2d 5], at a time when the section referred only to civil actions. But it is not so clear that the reasoning of the Johnson case automatically applies to criminal proceedings. A clear analogy exists between peremptory challenges to jurors and the peremptory challenge to a judge. In civil cases coparties must join in such peremptory challenge to jurors (Code Civ. Proc., § 601). In criminal cases the statute also provides that codefendants must join in the

---

[2]The requirement that the defendant in a criminal prosecution accept the burden of proof as to any issue is in derogation of the Fourteenth Amendment of the United States Constitution unless such transfer of the burden can be accomplished "without subjecting the accused to hardship or oppression." (*Morrison* v. *California,* 291 U.S. 82, 89 [54 S.Ct. 281, 78 L.Ed. 664].) Here "hardship" and "oppression" are obvious.

peremptory challenges, but then confers extra personal challenges on each codefendant. (Pen. Code, § 1070.5.)

If there is but one "side" in a criminal case when interests are not adverse, then, to prevent discrimination, all defendants on that "side" should be required to join in the challenge. But the majority hold that Finch's challenge to Judge Nye, in which petitioner did not join, exhausted the challenge afforded her "side" of the case. As we have seen, as to peremptory challenges of jurors, the Legislature was very careful to avoid this pitfall by requiring all defendants to join in the challenges. This was obviously done to prevent discrimination. But section 170.6, as interpreted by the majority, directly discriminates against petitioner either by not requiring her to join in the challenge, or by denying her the right of challenge.

There is still another question here presented. The affidavit filed in the instant case avers prejudice not only against petitioner but also against her attorneys. The affidavit was prepared and signed by the attorneys and joined in by petitioner. It avers that Judge Dawson "is prejudiced against said Carole Ann Tregoff Pappa and her attorneys . . . so that affiants [the attorneys] cannot, or believe that they cannot get a fair and impartial trial or hearing before said judge" (Ex. 1 by reference made part of the petition).

The fact that the affidavit avers prejudice against both petitioner and her attorneys is significant. Section 170.6 very properly recognizes that it would be improper to try a case before a judge that is prejudiced against a party or is prejudiced against the attorney for that party. The challenge is given to either or both. Stated another way, although a party may not have the right to challenge in his own right, the right to challenge still exists if the judge is prejudiced against the attorney for that party. This is made crystal clear by the express language of the section. Thus, subdivision (1) provides that the judge shall be disqualified on establishment of prejudice "against any party or attorney or the interest of any party or attorney." Subdivision (2) provides how "any party to or any attorney" may establish the prejudice. Subdivision (3) limits a "party or attorney" to but one challenge, and then provides that, where multiple parties are involved, "Only one motion for each side may be made."

The majority opinion recognizes, quite properly, that there may be more than two "sides" to a case. In reliance on the Johnson case (*Johnson* v. *Superior Court, supra,* 50 Cal.2d

693), it holds that, where there are multiple defendants, the separate defendants, if their interests are adverse, must be deemed to be on different "sides." Since the right to challenge is given to both the party and to his attorney it must be that the attorney has the legal right to challenge even though the party he represents may not have the right to challenge in his own right. Thus, even if the majority opinion were correct in holding, which it is not, that Mrs. Pappa was on the same "side" as her codefendant Finch, who has already exercised his right of challenge, the right to challenge on behalf of Mrs. Pappa still exists where the affidavit, as it does in the instant case, avers that the judge is prejudiced against her attorneys. Where there are codefendants, separately represented, and the judge is charged with being prejudiced against one of the attorneys whose client cannot exercise a challenge in her own right, then, as a matter of law, under the section, the challenging attorneys place their client on a different "side" from the codefendant or his counsel. If this were not so, the granting of the right of challenge where the judge is charged with being prejudiced against the attorneys would be meaningless.

Even if the statute requires a showing on behalf of a party that his interests are adverse to those of the codefendant, a sufficient showing was here made. The trial court, in ruling on the motion to disqualify, was required to take judicial notice of the records of the case. The respondent conceded on oral argument (and such concession is in accord with the law) that the trial judge knew and was required to know at least three facts:

First, that the codefendant Finch had moved for a change of venue and that petitioner had opposed that motion.

Second, that codefendant Finch and petitioner are not represented by the same counsel but by different lawyers, and

Third, that petitioner moved for a separate trial, which motion was not joined in by Finch and which was denied by the trial court.

Thus, we know that Finch did not want to be tried in Los Angeles County and that petitioner did, and that petitioner wanted to be tried separately from Finch and that he wanted a joint trial. We also know they are separately represented. This does far more than merely hint at adverse interests. It shows that on vital important issues the parties are adverse, and have demonstrated that they are adverse.

Whatever the test as to adverse interests may be in a civil action, and whether the showing of adverse interests here

made would be sufficient in a civil action, is not at all relevant. We are here dealing with a criminal case, a criminal case in which the death penalty is involved. The very life of this petitioner is at stake. Certainly, if there is any substantial showing that the interests of the two codefendants are adverse the challenge should not be denied, but should be granted. Such a showing was here made. This is demonstrated not only by the facts above set forth but by the very fact that petitioner did not join in the challenge made by Finch to Judge Nye. That indicates that she was satisfied with him, but that Finch was not. In this respect also, their interests were adverse. To deny her the right of challenge and to confer it on the prosecution and on her codefendant in view of the substantial showing of adverse interest, is to deny her due process and a fair trial.

Some further mention should be made of the fact that petitioner and defendant are represented by separate counsel. That very fact indicates that Finch and petitioner are not on the same "side." In *People* v. *Lanigan*, 22 Cal.2d 569 [140 P.2d 24, 148 A.L.R. 176], it was held to be error for the trial court to have required the two defendants to be represented by a single counsel. The broad implication of the Lanigan case, and the cases cited in that opinion, is that the interests of codefendants in a criminal case are usually adverse. In so holding the court in the Lanigan case pointed out that where there are codefendants there will be occasions when objections must be made to evidence admissible as to one codefendant but inadmissible as to the other. The court also pointed out that many times one defendant will take the stand and the other may not. The court stated that counsel must not be required to represent both defendants "when the possibility of that divergence [of interests] is brought home to the court...." (P. 575.) The rationale of the opinion is that the mere "possibility" of interests being adverse is sufficient to bring the rule into play. For the same reasons the "possibility" that Finch and petitioner's interests may be adverse (and there is more than such a "possibility" here shown), should be sufficient to warrant the disqualification.

The practical aspects of the present proceedings cannot and should not be overlooked. This is a capital case. Certainly justice and fair play, and it is submitted due process, require that petitioner have the same opportunity of challenge enjoyed and already exercised by the People and by Finch, especially where there exists more than a reasonable possibility that the

interests of the two defendants are adverse in important respects. It must be remembered that by allowing the challenge no prejudice can occur to anyone, including the People. But the denial of the challenge cannot help but throw grave legal doubts on the conviction of petitioner, if she be convicted, and can only then lead to multiple collateral attacks on the judgment.

For these many reasons I believe that the writ should issue.

SCHAUER, J.—I concur with Justice Peters but do not imply agreement with the decision of the majority in *Johnson* v. *Superior Court* (1958), 50 Cal.2d 693 [329 P.2d 5].