[Crim. No. 8662.   Second Dist., Div. One.   June 4, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ALEXANDER ARAGON ROJAS et al., Defendants and Appellants.

Alexander L. Oster for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—In 1959, the court found Rojas and Hidalgo guilty of receiving stolen property (Pen. Code, § 496). Hidalgo, who operated an electrical contracting business, purchased certain electrical equipment knowing it to be stolen; Rojas was arrested unloading it from the truck. The original probation reports reveal that Rojas "was somewhat a victim of circumstances," but that Hidalgo, who was under suspicion by police for a long time, engaged in past illegal activities and had several prior misdemeanor convictions. Rojas was granted probation for five years on the condition he spend the first 180 days in the county jail; Hidalgo was denied probation and sentenced to the state prison.

Both defendants appealed. The Supreme Court reduced the offense from receiving stolen property to attempting to receive stolen property, reversed the judgment and order, and remanded the cause for further proceedings with "directions to enter such lawful judgment or order against each defendant, based on the modified finding, as the court deems appropriate." (*People* v. *Rojas*, 55 Cal.2d 252, 261 [10 Cal.Rptr. 465, 358 P.2d 921].)

On remittitur, the cause again came before the same judge who, after considering lengthy defense argument, refusing to refer the matter to the probation officer, and failing to deny Hidalgo probation, again sentenced him to the state prison, and placed Rojas on five years' probation on the condition he spend the first 180 days in the county jail.

Defendants appealed a second time. On May 15, 1962, the Supreme Court found the trial court erred in not again referring the matter to the probation officer and in failing to deny Hidalgo probation, vacated the judgment and order, and remanded the cause "with directions to the court below to refer the matter to the probation officer; thereafter to consider the latter's report and to thereupon pronounce such lawful judgment or order against each defendant as the court may determine." (*People* v. *Rojas*, 57 Cal.2d 676, 683 [21 Cal.Rptr. 564, 371 P.2d 300].)

Upon the filing of the remittitur, and before the third hearing on probation and sentence, defendants on June 18, 1962, moved to disqualify the trial judge from again hearing the matter (Code Civ. Proc., § 170.6). On June 28, 1962, the affidavits of prejudice were stricken, the appeal bonds were exonerated, bail pending hearing on probation and sentence was fixed at $10,000 for each defendant, and supplemental probation reports were ordered. On July 16, 1962, defendants filed new affidavits of disqualification under section 170, Code of Civil Procedure, charging prejudice due to the following "actions" of the trial judge: on Hidalgo's second appearance before him he "refused to refer the cause to the probation department for a current investigation and report on request of defendant's counsel and the deputy district attorney, and sentenced affiant (Hidalgo) to the state prison without denying probation"; on their third appearance he exonerated defendants' $2,500 and $5,000 bonds on appeal and set bail for each pending hearing on probation and sentence in the sum of $10,000; and on Rojas' second appearance, after the Supreme Court reduced the charge, he "imposed the identical terms

of probation for the lesser offense as originally imposed for the completed offense.'' These affidavits were also stricken.

The supplemental probation reports were then considered by the judge. The report for Hidalgo stated that ''Police Authorities were reasonably certain that the defendant has continued his activities regarding receiving stolen property primarily involving electrical equipment and appliances'' (p. 3), and that he ''has carried on extensive illegal business pursuits which regard receiving stolen property and they further feel that he is an influential and key figure in certain activities including the receiving of huge quantities of merchandise which accrues from burglaries. These activities have been in operation on a large scale in this community.'' (P. 6.) Attached thereto were police reports showing Hidalgo's continued unlawful conduct subsequent to his conviction. The probation report for Rojas revealed that ''Hidalgo was engaged in the continued receiving of stolen goods in huge quantities after his conviction under the present charge'' and Rojas was ''just a flunky for Joe Hidalgo'' (p. 2); but the police report attached to Hidalgo's probation report implicated him in Hidalgo's subsequent activities indicating that Rojas, too, since his conviction has continued illegal transactions. The lower court again suspended the proceedings and placed Rojas on probation for five years but on the condition that he spend the first year in the county jail; Hidalgo was denied probation and sentenced to the state prison.

Defendants prosecute this third appeal from the order and judgment. They contend that the trial judge erred in striking the affidavits for disqualification, abused his discretion in confining Rojas to the county jail for one year as a condition of probation, and erred in sentencing Hidalgo to the state prison.

Considering first the affidavits under section 170.6, Code of Civil Procedure, they were properly stricken, for the motion to disqualify was not timely made. (*Pappa* v. *Superior Court,* 54 Cal.2d 350 [5 Cal.Rptr. 703, 353 P.2d 311]; *Jacobs* v. *Superior Court,* 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9].) The cause was transferred to the trial judge on May 6, 1959; he heard the matter and found defendants guilty in October 1959; thereafter each time the Supreme Court vacated the judgment and order, the cause was returned to and heard by him. Over three years after the transfer, defendants first moved to disqualify the judge. The rule under section 170.6, requires the making of the motion

before the trial commences. (*People* v. *Paramount Citrus Assn.*, 177 Cal.App.2d 505 [2 Cal.Rptr. 216]; *People* v. *Roerman,* 189 Cal.App.2d 150 [10 Cal.Rptr. 870]; *Stafford* v. *Russell,* 201 Cal.App.2d 719 [20 Cal.Rptr. 112]; *Jacobs* v. *Superior Court,* 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9].) Referring to section 170.6, the Supreme Court stated in *Jacobs* v. *Superior Court,* 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9], at pages 190, 191: ''It is provided that in no event shall a judge entertain a motion under this section if it is made after swearing in the first witness or the giving of any evidence or after the trial of the cause has otherwise commenced.

■ ''The question here is whether the motion was timely. Although the statute does not expressly so provide, it follows that, since the motion must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings.'' ■ Hearing on probation and sentence, while subsequent in point of time to the trial of the cause, is a part and a continuation of the original criminal action, and ''not a separate proceeding or hearing in the meaning of section 170.6, Code of Civil Procedure.'' (*People* v. *Smith,* 196 Cal.App.2d 854, 856 [17 Cal.Rptr. 330]; *Pappa* v. *Superior Court,* 54 Cal. 2d 350 [5 Cal.Rptr. 703, 353 P.2d 311]; see also Pen. Code, § 683; Code Civ. Proc., § 22.) ■ Nor did the interruption of the two appeals operate to constitute the hearing a proceeding separate and apart from the original criminal action. The ''further proceedings'' in the lower court, twice ordered by the Supreme Court mandate, amounted to nothing more than a resumption and continuation of the original criminal cause, for the directions required the lower court to pronounce judgment or order based upon the findings supplemented by any additional facts the probation investigation might reveal. (*People* v. *Paramount Citrus Assn.*, 177 Cal.App.2d 505 [2 Cal.Rptr. 216].) ■ Moreover, while one who has not previously moved under section 170.6, may do so in a proceeding supplemental to the original action if his motion is timely made, he can exercise his privilege only ''as *to a judge other than any judge who has previously heard any phase of the matter.*'' (Italics added.) (*People* v. *Smith,* 196 Cal.App.2d 854, 859 [17 Cal.Rptr. 330]; *Thompson* v. *Superior Court,* 206 Cal.App.2d 702 [23 Cal.Rptr. 841].) There is no right in a continuation of a prior proceeding to disqualify the judge who heard the original criminal cause. ''Such procedure

would make it possible for litigants to gamble on obtaining a favorable decision from one judge, and then, if confronted with an adverse judgment, allow them to disqualify him without presenting facts showing prejudice, in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues.'' (*Jacobs* v. *Superior Court*, 53 Cal.2d 187, 191 [1 Cal.Rptr. 9, 347 P.2d 9].)

The affidavits filed under section 170 were also properly stricken. While no judge who denies his disqualification may hear or pass upon the question and it shall be heard and passed on by some other judge (Code Civ. Proc., § 170, subd. 5), where the affidavit filed in support of the motion to disqualify does not contain facts whereby the movant would prove the judge prejudiced, he may ignore the same or strike it from the record as insufficient, and proceed with the hearing. (*Keating* v. *Superior Court*, 45 Cal.2d 440 [289 P.2d 209]; *Elliott* v. *Superior Court*, 180 Cal.App.2d 894 [5 Cal. Rptr. 116]; *People* v. *Darby*, 114 Cal.App.2d 412 [250 P.2d 743].) In *People* v. *Darby*, 114 Cal.App.2d 412 [250 P.2d 743], appellant claimed he was deprived of his right to have the judge's disqualification heard by another judge because he ignored the affidavit and proceeded with the trial. The court said: ''The fallacy of appellant's contention lies in the fact that the affidavit filed does not contain the facts whereby he would prove the judge's prejudice. Because it is insufficient in that respect, the court properly proceeded with the trial. . . . While the trial judge may not determine a charge of his own disqualification, he may disregard an affidavit of prejudice when it avers conclusions and does not contain facts in proof of his prejudice. When the affidavit is thus insufficient, the judge can so determine, whereupon the procedure provided by section 170, *supra*, is not applicable. (*Ephraim* v. *Superior Court*, 42 Cal.2d 578 [109 P.2d 378]; *People* v. *Nolan*, 126 Cal.App. 623, 628 [14 P.2d 880]; *People* v. *Berman*, 117 Cal.App. 334, 339 [4 P.2d 226].) Not only was there an absence of facts indicating prejudice on the part of the trial judge, there is not the slightest showing of his hostility toward appellant. It was therefore insufficient. (*Goodspeed* v. *Great Western Power Co.*, 19 Cal.App.2d 435, 438, 450 [65 P.2d 1342].)'' (Pp. 438, 439.)

The affidavits filed under section 170 were properly stricken. They allege no ''facts'' whereby the judge's prejudice would

be proved and none "constituting the ground of the judge's disqualification. . . ." (Code Civ. Proc., § 170, subd. 5.) While the record reflects the substance of the judge's "actions," upon which defendants base their claim of prejudice to be true, they involve merely his erroneous opinion of the law and legal questions addressed to his discretion. They neither raised an issue of fact nor constitute prejudice or ground of disqualification.

█ Relative to his failure, after the first appeal, to refer the matter to the probation officer and deny probation before sentencing Hidalgo, the judge was clearly in error in his conclusion that neither was "necessary"; and the Supreme Court so held. (*People* v. *Rojas,* 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300].) "However, a wrong opinion on the law of a case does not disqualify a judge, nor is it any evidence of bias or prejudice. If so, no judge who is reversed by a higher court on any ruling or decision would ever be qualified to proceed further in a particular case." (*Ryan* v. *Welte,* 87 Cal. App.2d 888, 893 [198 P.2d 351].) And "where the trial judge is accused merely of having erroneous legal opinions" there is nothing for another judge to try. (*People* v. *Darby,* 114 Cal.App.2d 412, 439 [250 P.2d 743].)

█ Nor is it material that the judge had sentenced defendants before (*People* v. *Johnston,* 114 Cal.App. 241 [299 P. 805]); and no prejudice is indicated by his imposition of the identical terms and conditions on the lesser offense of attempt that he had previously originally imposed on the substantive offense the second time he granted Rojas' probation. This was a matter addressed to the judge's discretion and the Supreme Court specifically held there was no abuse. (*People* v. *Rojas,* 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300].) "It is urged herein by defendants that the trial court abused its discretion in reimposing an identical punishment after this court ordered a reduction in the convictions to an attempt to commit the substantive crime. . . . as to the defendant Rojas we are persuaded that the contention lacks substance. Since the modified findings of guilt were altered only as to the legal effect of the facts surrounding the crime, rather than the findings of fact which constituted the crime itself, the conditions of probation instantly imposed by the trial court would not appear to be an abuse of the broad discretion vested in that court to impose terms and conditions of probation 'to the end that justice may be done.' (Pen. Code, § 1203.1; see also *People* v. *Hollis,* 176 Cal.App.2d 92, 97

[1 Cal.Rptr. 293].) The probation period of five years is allowed herein by statute, as is the condition that Rojas spend the first 180 days in the county jail. (See Pen. Code, §§ 1203.1, 496, 664.)'' (P. 680.)

■■■ The fixing of bail pending hearing on probation and sentence was also a discretionary matter. That the judge set the amounts in excess of the appeal bonds shows neither prejudice nor ground for disqualification. In *People* v. *Yeager*, 55 Cal.2d 374 [10 Cal.Rptr. 829, 359 P.2d 261], the court said at page 391: ''The fact that Judge Jones at the juvenile court hearing and when he fixed bail drew unfavorable conclusions as to the defendant's character does not show that he was prejudiced against defendant. The remand of defendant to the justice court and the raising of the amount of bail were judicial determinations based on facts before the judge and made in the exercise of broad discretion.'' In the case at bar, previously ''the necessity for protecting the state's interest was made known by the declaration of the deputy district attorney that there were reasons to believe that the receipt of stolen goods had continued at the address at which defendants had engaged in a business.'' (*People* v. *Rojas*, 57 Cal.2d 676, 683 [21 Cal.Rptr. 564, 371 P.2d 300].) Inasmuch as the record before the judge then showed that defendants had exhausted their remedies on appeal relative to the merits of the case, and in all probability had continued their illegal activities while on bail (later confirmed by the supplemental probation reports), it was reasonable for him to draw unfavorable conclusions concerning their characters and to believe there was then less reason than before for them to remain in the jurisdiction of the court. We find no abuse of the judge's discretion in this connection; had there been, it would have constituted but an error at law and no ground for disqualification.

■■■ Nor is there substance to defendants' second contention that the judge erred in imposing on Rojas one year's confinement in the county jail as a condition of five years' probation. On the two prior occasions, the judge fixed 180 days' confinement as a condition of probation; the third time, after considering the supplemental reports, he increased the time in custody to one year. Any claim that the reduction of the offense justifies a lesser time in custody as a condition of probation than that originally imposed has been hereinabove answered by reference to the case of *People* v. *Rojas*, 57 Cal. 2d 676, 680 [21 Cal.Rptr. 564, 371 P.2d 300], wherein the

same contention was raised and decided by the Supreme Court adversely to Rojas. And without merit is the further claim that there was nothing before the lower court to justify the increase from 180 days to one year. Rojas' conduct, since his conviction, was an important factor in the court's determination of the terms of his probation; this the Supreme Court held in *People* v. *Rojas,* 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300]: "In the instant case the record reveals that the defendants had been at large on bail while their convictions were pending on appeal. Their conduct during that period would bear directly on the question of their 'reformation and rehabilitation' while under restraint of judicial punishment. Moreover, the determination to grant or deny probation is also one in which the state, as well as the defendants, has an interest within the statutory declarations." Even then, the Supreme Court alluded to that portion of the record wherein the People made it known that "there were reasons to believe that the receipt of stolen goods had continued at the address in which defendants had engaged in a business." (P. 683.) And the supplemental probation reports support this— they reveal that Hidalgo had, since his conviction, continued transactions relative to large quantities of stolen goods and that Rojas as his "flunky" was implicated in this activity. The judge obviously gave no credence to Hidalgo's affidavit denying his subsequent illegal conduct. Upon a reappraisal of Rojas' case in the light of the additional facts presented by the supplemental probation reports, the judge deemed that the ends of justice would best be served by fixing the "suitable time in custody" at one year as a condition of Rojas' probation; this would not appear to be an abuse of the judge's broad discretion.

Rojas further argues that, inasmuch as a violation of section 496 (receiving stolen property) is punishable by not more than 10 years' imprisonment in the state prison or by imprisonment in the county jail for not more than one year, the Supreme Court reduced the offense to attempting to receive stolen property, and section 664, Penal Code, limits punishment for such attempt to one-half of the maximum term, the trial judge erred at law in imposing a one year's term in the county jail as a condition of a five years' probation.

The probation period of five years is allowed herein by statute, as is the condition that Rojas spend the first year in the county jail. (Pen. Code, §§ 1203.1, 496, 664, 19a.) In

pertinent part, section 1203.1 provides: "The court, or judge thereof, in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period *not exceeding the maximum time fixed by law* in the instant case; provided, however, that where the maximum possible term of such sentence is five years or less, then such period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years; . . ." (Italics added.) While under section 644, Penal Code, Rojas may be sentenced to the county jail for only six months on a straight jail sentence (*In re Nickelson*, 152 Cal.App.2d 579 [314 P.2d 180]), he may be required to serve more than six months, but no more than one year (Pen. Code, § 19a) as a condition of probation. ▮ Under section 1203.1, as a condition of probation the judge may imprison a defendant in the county jail for not more than "the maximum time fixed by law." The "maximum time fixed by law" means the maximum term of imprisonment in the state prison (*In re Brown*, 5 Cal.App.2d 218 [42 P.2d 680] ; *In re De Voe*, 114 Cal.App. 730 [300 P. 874] ; *In re Webber*, 95 Cal.2d 183 [212 P.2d 540] ; *In re Marquez*, 3 Cal.2d 625 [45 P.2d 342] ; *In re Hays*, 120 Cal.App.2d 308 [260 P.2d 1030]) ; in the instant case it is five years. (Pen. Code, § 664.) However, it is now limited by section 19a, Penal Code, as amended, providing a maximum term of one year in the county jail "as a condition of probation upon conviction of . . . a felony . . ." ▮ Thus, the three sections read together allow the imposition of one year as a condition of Rojas' probation.

▮ Finally Hidalgo contends that in contravention of the Supreme Court's order reducing the charge upon which defendants had been convicted, from receiving stolen property to attempting to receive stolen property (*People* v. *Rojas*, 55 Cal.2d 252 [10 Cal.Rptr. 465, 358 P.2d 921]), the trial judge sentenced him to the state prison for the substantive offense of receiving stolen property. The judgment of August 3, 1962, from which defendant herein appeals, recites that he, having been found guilty of the "crime of violation of section 496, Penal Code, a felony, as charged in Count I of the information" is imprisoned in the state prison. Subsequently the judgment was corrected *nunc pro tunc* to recite the offense as "attempted violation of section 496, Penal Code, a felony, a lessor [*sic*] offense than that charged in Count I in the information." (Judgment, February 14, 1963.)

In his reply brief appellant claims that the error was a

judicial, not a clerical one and therefore the judgment could not have been corrected *nunc pro tunc* by the trial court pending appeal. (*Estate of Burnett*, 11 Cal.2d 259 [79 P.2d 89].) However a reading of the lengthy arraignment of Hidalgo for the pronouncement of judgment and the imposition of sentence on August 3, 1962, discloses a complete recital of the details of the judicial proceedings that had taken place since his arraignment on the information on April 15, 1959; in it is a recitation that the Supreme Court ordered the lower court's finding of guilty of receiving stolen property changed to guilty of attempting to receive stolen property. It is clear from the arraignment, nothing in the statement of the trial judge at the time he imposed sentence to the contrary, that Hidalgo was properly arraigned on the reduced charge of attempting to receive stolen property and sentenced accordingly. The error contained in the formal judgment of August 3, 1962, prepared by the clerk was obviously clerical.

For the foregoing reasons the judgment and order are affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 31, 1963.