[Civ. No. 60137. Second Dist., Div. Four. Jan. 5, 1981.]

JEHUDA AVITAL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Gerson S. Horn for Petitioner.

John H. Larson, County Counsel, and Greg Holland, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

FILES, P. J.—This petition for writ of mandate seeks to compel the superior court to grant a Code of Civil Procedure section 170.6 disqualification filed by defendant-petitioner after petitioner's codefendant had previously disqualified a different judge by the same procedure.

The procedural background, as set forth in the petition, and the accompanying reporter's transcript will be summarized.

Petitioner Avital and codefendant Zakaria were jointly charged with two murders under circumstances which would subject them to the death penalty. Additional counts charged conspiracy to murder and conspiracy to possess, transport and sell cocaine. When the case was assigned to Judge Leetham, Zakaria disqualified him by a motion under Code of Civil Procedure section 170.6. When the case was reassigned to Judge Martin, Avital challenged her by a motion under section 170.6 which was accompanied by the sworn statement of Avital's counsel containing the following:

"2. That the interests of JEHUDA AVITAL are totally adverse to the interests of co-defendant JOSEPH ZAKARIA;

"3. That counsel for JEHUDA AVITAL had no part in filing any previous motions pursuant to this section;

"4. That JEHUDA AVITAL maintains his own innocence as opposed to that of his co-defendant JOSEPH ZAKARIA;

"5. That JEHUDA AVITAL had entered an agreement with the District Attorney to testify against his co-defendant JOSEPH ZAKARIA;

"6. That the defendant JEHUDA AVITAL is still open for negotiations in that vein; and

"7. That there are facts supporting a direct conflict between defendant's [sic] AVITAL and ZAKARIA which counsel for defendant AVITAL would disclose to the Court at an in camera proceeding."

A hearing on Avital's motion was conducted by the supervising judge of the criminal departments. No evidence was received other than the declaration quoted above.

The discussion between court and counsel contains this elaboration of Avital's position: "MR. HORN [counsel for Avital]: Your Honor, what could be more adverse a position than saying, 'I didn't do it but the co-defendant did do it.'

"That is a totally adverse position. If there's no conflict in that situation, it's impossible to have a conflict of interest. There is no greater conflict.

"As far as the hearing is concerned, I have filed a declaration with this Court and I have indicated that if the Court wishes I would pursue this matter further at in camera proceedings and state what facts we base this conflict upon. But I can assure the Court—and the District Attorney is aware of the fact—that there is a conflict of interest.

"If you recall, we appeared in this court—

"THE COURT: I don't think there is any question but that there is a conflict of interest."

At the close of the argument the judge ordered: "THE COURT: ... The 170.6 filed by defendant Avital is ordered stricken.

"The matter is transferred forthwith back to Department 111 for all further proceedings."

Following that ruling this colloquy appears: "MR. HORN: ... Has the Court made a determination that there is no conflict in this case?

"THE COURT: No, I think clearly there is a conflict. I think that's been stipulated by all parties involved."

■ Code of Civil Procedure section 170.6 allows any party or attorney appearing in any action to disqualify a judge by a motion supported only by a declaration under oath that the judge is prejudiced so that the party or attorney believes he cannot have a fair and impartial trial before that judge.

The section also provides in subdivision (3): "(3) ... Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section; and in actions or special proceedings where there may be more

than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding."

The one-per-side rule has been discussed in two Supreme Court opinions.

In *Johnson* v. *Superior Court* (1958) 50 Cal.2d 693 [329 P.2d 5], the principal issue was the constitutionality of section 170.6. One attack on the statute was a claim that the portion which related to multiple parties was discriminatory. The court said (at p. 700): ▪ "...We do not understand the quoted provision to mean that, where several parties are joined, they are necessarily confined to one motion regardless of how conflicting their interests may be. One motion for 'each side' is permitted, and, where coplaintiffs or codefendants have substantially adverse interests, it is proper to conclude that there are more than two sides in the case. Such might be the situation, for example, where two drivers whose automobiles collide and injure the plaintiff are joined as defendants."

*Pappa* v. *Superior Court* (1960) 54 Cal.2d 350 [5 Cal.Rptr. 703, 353 P.2d 311], arose out of the prosecution of Pappa and her codefendant Finch for murder. Finch disqualified one judge under section 170.6 before the first trial. Following a mistrial, Pappa filed a motion under section 170.6 to disqualify the judge to which the case was assigned for retrial. That motion was denied and Pappa petitioned the Supreme Court for a writ to prohibit the challenged judge from trying the case. The opinion of the Supreme Court, denying the petition, contains this pertinent explanation (at pp. 354-355): "The burden is upon Mrs. Pappa to establish that her interests are substantially adverse to those of her codefendant, Finch....[¶] The showing made by Mrs. Pappa is very meager. She asserts that a conflict of interest between herself and Finch exists because the record of the first trial will show that it has always been the theory of the People that Finch was the principal and that her role was that of an aider and abettor. She states that in view of the widespread interest in her case the court must have some knowledge of it and that the transcript of the first trial will show that her position is substantially adverse to that of Finch. It also appears that she made a motion for a separate trial, which was denied, and that she opposed a motion for change of venue made by Finch. [¶] *It is not claimed that this is a case where each defendant is attempting to avoid conviction by shifting responsibility for the homicide to the other*, but, to the con-

trary, under Mrs. Pappa's assertions with respect to the theories of the prosecution, it appears likely that Finch's defenses against the charge that he was the principal would support her defense against the charge of aiding and abetting. Although differences of opinion between codefendants as to procedural matters such as the desirability of a change of venue or a separate trial might, under some circumstances, show the existence of substantially adverse interests, it should not be assumed that this is true in the absence of a showing of what the circumstances are and how they affect each of the parties and the relationship between them." (Italics added.)

In the nomenclature of the *Pappa* decision, codefendants are different "sides" within the meaning of section 170.6 if their interests are "substantially adverse," as distinguished from interests which may be manifested only in disagreements over tactics.

■ In the case which is here for decision, the conflict between the two defendants was described in general terms by Avital's attorney, whose competence to testify on this subject is manifest. The situation he indicated was the classic example of the substantially adverse interest which the *Pappa* opinion distinguished: one defendant attempting to avoid conviction by shifting responsibility to the other.

Counsel for respondent argues that petitioner has not "presented any facts showing that his interests are substantially adverse to those of his codefendant; . . ."

We recognize that the statements made in the declaration of Avital's attorney lack factual detail. Counsel's oral argument was more specific in characterizing his client's position as "I didn't do it but the codefendant did do it." The statement of the trial judge that "there is a conflict of interest" was, by itself, ambiguous. The word "conflict" could mean either the insignificant conflict which existed in *Pappa* or the substantially adverse interest which the *Pappa* court distinguished. But the record read as a whole does not leave room for doubt that the court and the prosecutor knew what defendant's counsel was talking about.

It is understandable that an attorney preparing to defend a capital case will not wish to publish a detailed pretrial statement of his client's version of the facts or to elaborate his probable defense until it is necessary. The approach taken by Avital's counsel was a reasonable one under the circumstances; that is, he stated in the motion what he

thought sufficient to show the nature of the conflict, and offered to supply additional information at an *in camera* hearing. Defendant's counsel assured the court that the prosecutor understood the situation. The statement of the court that no hearing was necessary was not ambiguous. The trial court was not arbitrarily denying Avital an opportunity to present necessary details. We can only construe the court's ruling as an acknowledgment that the court was satisfied that the facts before the court were sufficient to indicate the nature of the conflict.

Upon the record made here it is unnecessary for us to consider how far defendant's attorney might have been required to go in revealing additional details if the court had accepted his offer to testify *in camera*. The respondent court here, having before it all of the information which it felt was needed, exceeded its jurisdiction in striking the motion.

Let a writ of mandate issue requiring the respondent court to vacate its order of August 12, 1980, in Los Angeles Superior Court case No. A 358022 denying the motion of petitioner pursuant to Code of Civil Procedure section 170.6 and make a new order granting the motion to disqualify Judge Martin.

Kingsley, J., and Woods, J., concurred.