[No. B029246. Second Dist., Div. Seven. Oct. 26, 1988.]

Conservatorship of the Person of EVELYN DURHAM. WALLIS S. WILLIAMS, Petitioner and Respondent, v. EVELYN DURHAM et al., Objectors and Appellants.

**COUNSEL**

Janice A. Salter in pro. per. and for Objectors and Appellants.

Mark R. Raphael for Petitioner and Respondent.

**OPINION**

**JOHNSON, J.**—Conservatee Evelyn Durham and her attorney Janice Salter appeal from an order granting respondent payment of attorney fees, expenses and sanctions pursuant to section 128.5 (Code Civ. Proc.)[1]; an

---

[1] All subsequent statutory citations refer to the Code of Civil Procedure unless otherwise indicated.

order denying a section 170.6 motion for peremptory challenge of the probate judge; and an order staying a previous order regarding the resignation of the conservator of the person. For the reasons set for below, we reverse the order and remand for further findings consistent with this opinion.

STATEMENT OF FACTS AND PROCEEDINGS BELOW

The record reveals the following chronology of procedural events. On December 16, 1986, proposed conservatee Durham filed objections to the proposed appointment of her daughter Wallis Williams as conservator. In her petition Durham alleged among other things that an adverse and hostile relationship existed between Williams and her. On January 13, 1987, Probate Judge Julius Leetham appointed Williams as conservator of the person of Evelyn Durham and signed the order on March 10, 1987. Janice Salter substituted in for Durham's attorney on February 24, 1987. On March 6, 1987, Attorney Salter obtained a temporary restraining order (domestic violence prevention act) in an ex parte proceeding in family court prohibiting Williams from coming within 50 yards of Durham's home. The record does not reveal whether Attorney Salter informed the family court judge of the conservatorship. Williams was immediately removed from Durham's home. A hearing on the matter was set for March 26, 1987.

On March 20, 1987, Durham petitioned for the suspension of powers pending the removal of Williams as conservator of her person. On that date Judge Leetham denied the application. On May 28, 1987, Durham petitioned for removal of Williams as conservator of her person. A hearing on the matter was held before Judge Leetham on June 18, 1987, who accepted Williams' resignation as conservator.

On June 10, 1987, Williams sought an order for payment of attorney fees, expenses and sanctions (§ 128.5) against the conservator of the estate and Attorney Salter. On June 26, 1987, Durham noticed a motion to disqualify Judge Leetham (§ 170.6) from hearing the pending motion for sanctions. The matter was heard on July 2, 1987. Judge Leetham denied the motion to disqualify himself as untimely and granted the petition for attorney fees, expenses and sanctions in the sum of $5,486.50. Attorney Salter was ordered to personally pay one-half or $2,743.25 to the conservator of the estate for payment to Attorney Raphael and the estate was to assume payment of the remaining sum. Durham and Salter timely appealed.

I. *The Order Awarding Sanctions Pursuant to Section 128.5 Was Deficient Because It Did Not State With Specificity the Circumstances Justifying the Order.*

█ Appellants contend the court abused its discretion when it imposed sanctions pursuant to section 128.5[2] upon Attorney Salter and the conservatee's estate. █ An "order imposing sanctions is appealable as a final order on a collateral matter directing the payment of money." (*Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 645, fn. 3 [192 Cal.Rptr. 57], citing *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176] [compulsory payment of judgment under execution or other coercion does not destroy right of appeal].) (3) Salter has standing to appeal because she was ordered personally to pay sanctions. (*Ibid.*)

█ Section 128.5 requires the order imposing expenses to "recite in detail the conduct or circumstances justifying the order." The order in the instant case merely stated "The Court having considered the evidence, both oral and documentary, and good cause appearing therefor . . . ORDERS: . . . ." Because this statement does not satisfy the requirements of the statute we cannot determine whether or not the trial court abused its discretion in imposing sanctions. (See *Lavine* v. *Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1028-1029 [215 Cal.Rptr.708].) The fact the court made oral findings at the hearing on the motion does not allow us to make this determination. (*Lieppman* v. *Lieber* (1986) 180 Cal.App.3d 914, 920-921 [225 Cal.Rptr. 845].) █ "The purpose of section 128.5's provision for a recitation of the facts justifying a sanctions order is to fulfill the 'rudiments' of due process required for governmental imposition of a penalty upon an attorney or party—both for due process' own, constitutional sake and to ensure that the power conferred by the statute will not be abused." (*Lavine* v. *Hospital of the Good Samaritan, supra,* 169 Cal.App.3d at p. 1029.) █ An insufficient formal order for sanctions must be reversed. (*Ibid.*) "On remand, the trial court will be able to reenter its order in compliance with section 128.5, [former] subdivision (b) [redesignated (c)], whereupon the award of sanctions will again take effect." (*Id.* at p. 1030.) For the purposes of remand we must determine whether the trial court erred in denying Durham's section 170.6 motion to disqualify it from hearing the motion on sanctions.

---

[2] Section 128.5 states in pertinent part: "(a) Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. . . . [¶] (c) . . . An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

## II. *The Trial Court Did Not Err In Denying the Section 170.6 Motion Because It Was Untimely.*

■ "Denial of a motion to disqualify a judge is not directly appealable [citation omitted], but it is reviewable on appeal from an appealable order . . . ." [Citation omitted.] (*Doty* v. *Doty* (1975) 52 Cal.App.3d 672, 677 [125 Cal.Rptr. 153].) ■ A petition is untimely if it is filed "after any contested matter in relation to the litigation has been submitted to any judge sought to be disqualified." (*Ibid.*)[3] ■ The record reveals on January 13, 1987, Judge Leetham presided at a hearing at which he appointed Williams as conservator of the person of Durham over her objection. Although the transcript of that proceeding was not included in the record, we conclude such a determination necessarily involved contested issues of fact. The order signed by Judge Leetham on March 10, 1987, stated the court had made certain findings concerning Durham's capacity to provide for herself. The order further stated the court had considered both oral and documentary evidence in making its decision to appoint Williams as conservator of the person. On March 20, 1987, Judge Leetham denied Durham's petition for the suspension of powers pending removal of Williams as conservator. And on June 18, 1987, a hearing was held before Judge Leetham on Durham's petition to remove Williams as her conservator at which time he accepted Williams's resignation. The record contains only the minute order for that proceeding.

■ "A challenge under section 170.6 is not timely after a judge has heard and ruled on contested issues of law or fact in an action or proceeding." [Citations omitted.] (*Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195, 200 [41 Cal.Rptr. 721].) ■ We conclude from this record that Judge Leetham had heard a matter involving a contested issue relating to the merits of the case. In her petition opposing the proposed appointment of Williams as conservator, Durham alleged in part that an adverse and hostile relationship exists between Williams and her; Williams has a violent and uncontrollable temper; she had attempted to remove and bar Williams from her home; and she had disinherited Williams. (See Prob. Code, § 1829.)

The question of who will be appointed by the trial court as conservator is determined by the court. (Legis. Com. Com. (1979) Prob. Code, § 1827.) Probate Code section 1812, subdivision (a) provides: "Subject to Sections

---

[3] Section 170.6, subdivision (1) reads: "No judge . . . shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding."

1810 and 1813, the selection of a conservator of the person or estate, or both, is solely in the discretion of the court and, in making the selection, the court is to be guided by what appears to be for the *best interests* of the proposed conservatee. (Italics added.)" Application of the best interests standard in a contested conservatorship proceeding necessarily entails making a factual determination of whether or not the appointment of the proposed conservator will best serve the interests of the proposed conservatee. We can only conclude Judge Leetham considered the evidence presented in support and opposition to Durham's objections to the appointment of Williams as conservator.

Appellants argue the peremptory challenge was timely because Judge Leetham had not presided over any proceedings involving the temporary restraining order and the issue of sanctions had not been raised at the onset of the conservatorship proceedings. This contention lacks merit. The rule is clear: ". . . since the motion must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are *a part or a continuation* of the original proceedings." (*Jacobs* v. *Superior Court* (1959) 53 Cal.2d 187, 190 [1 Cal.Rptr. 9, 347 P.2d 9], italics added.) "The gravamen of the *Jacobs* decision establishes that a proceeding is a continuation of the original action out of which it arises if it involves 'substantially the same issues' as the original action." (*McClenny* v. *Superior Court* (1964) 60 Cal.2d 677, 684 [36 Cal.Rptr. 459, 388 P.2d 691]; *Andrews* v. *Joint Clerks Etc. Committee* (1966) 239 Cal.App.2d 285, 295 [48 Cal.Rptr. 646].) The temporary restraining order acquired by Durham and Attorney Salter manifestly involved the same issue because it was an alternative maneuver to prevent Williams from acting as conservator albeit temporarily. As in *Jacobs,* "[t]he parties are the same, and the paramount questions to be decided by the court, . . . [in both proceedings, Durham's immediate welfare] are the same." (*Jacobs* v. *Superior Court, supra,* 53 Cal.2d at p. 191.)

In *McClenny* v. *Superior Court, supra,* 60 Cal.2d at page 689 the court held the trial court properly denied a section 170.6 motion in a contempt proceeding because such a proceeding is a continuation of the original domestic relations action. It reasoned that a contempt proceeding is one way the trial court implements its supervisory and enforcing functions. (*Id.* at p. 688.) Similarly, levying sanctions against Attorney Salter had an analogous function. The probate court had jurisdiction over the matter but refused to terminate Williams as conservator. Salter attempted to achieve this result by getting a temporary restraining order from the domestic relations court without informing it of the conservatorship.[4]

---

[4] We do not address appellants' final contention since they concede the issue was rendered moot with Williams's resignation as conservator of the person.

## DISPOSITION

█ The order is reversed and remanded to Judge Leetham. Respondent's request for sanctions against appellants for pursuing a frivolous appeal (§ 907; Cal. Rules of Court, Rule 26 (a)) is denied. We cannot say appellants' appeal was prompted only by an improper motive or indisputably had no merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) Each party is to bear its own costs on appeal.

Lillie, P. J., and Kolts, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.