[No. D038328. Fourth Dist., Div. One. Feb. 8, 2002.]

DAVID ROY STEPHENS, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
JAMES STEPHENS, as Cotrustee, etc., et al., Real Parties in Interest.

**COUNSEL**

Mazzarella, Dunwoody & Caldarelli, Mark C. Mazzarella, Bryan C. Vess and Robert A. Carichoff for Petitioner.

No appearance for Respondent.

Luce, Forward, Hamilton & Scripps, Charles A. Bird; Duckor, Spradling & Metzger, John C. Wynne, Stephen A. Bond; Beamer, Lauth & Steinley, Martin H. Steinley; and Richard H. Benes for Real Parties in Interest.

**OPINION**

**McINTYRE, J.**—This case involves the interplay between two provisions of Code of Civil Procedure section 170.6 concerning peremptory challenges of judges. Section 170.6, subdivision (2), provides that in a case assigned to a judge for all purposes, a late-appearing party can bring a motion to disqualify the judge (i.e., a peremptory challenge) within 10 days after the party's appearance. However, the same subdivision also contains a provision precluding a peremptory challenge after the judge has decided contested fact issues relating to the merits. We hold that the latter provision precludes a peremptory challenge by a late appearing party in a proceeding in which the judge determined a contested fact issue relating to the merits or in a subsequent proceeding that qualifies as a continuation of such a proceeding. Here, the court properly denied the peremptory challenge motion at issue

because the motion was made in a proceeding that was a continuation of a proceeding in which the judge determined contested fact issues relating to the merits.

FACTUAL AND PROCEDURAL BACKGROUND

The instant case involves a trust created by the late Lawrence John Stephens for the benefit of his wife, Grace Maxine (Maxine), and his six children: Gwendolyn (Gwen), James, Gail, John, David and Jacqueline Dawn (Dawn). The trust provides that Maxine is to receive all the net income of the trust and as much of the principal as is necessary for her support, and that upon her death any remaining principal is to be distributed in equal shares to the six children.

The trust names James, John and Dawn as the initial cotrustees and provides that if any of them dies, resigns or becomes unable to serve, the other three children, in order of their ages (Gwen, Gail and David), are to act as trustees. When Lawrence died in 1992, John, James and Dawn became cotrustees of the trust. In May 1999 Dawn resigned as cotrustee and a dispute ensued over the third trustee position.

In April 2000, James and John petitioned the court for instructions as to whether the third trustee was Gwen or Gail. They also asked the court to modify the trust to provide that cotrustee actions could be taken by a majority rather than unanimous vote. Maxine joined in James and John's petition. In May 2000, Gail filed a petition seeking removal of James and John as trustees and the appointment of a corporate successor trustee in place of all three sibling trustees or, alternatively, an order confirming that Gwen was the third cotrustee and Gail was the next in line to serve as cotrustee.

Judge Richard G. Cline heard the petitions together and in August 2000 issued an order providing that Gwen was to have 30 days to accept or reject the cotrustee position. The court ruled that if Gwen or one of the other trustees failed or refused to serve, Gail was the next child eligible to serve as cotrustee. If Gail failed or was unable to serve, David would become eligible to serve. The court denied James and John's request to modify the trust to provide for majority rather than unanimous voting. James, John and Maxine appealed and this court affirmed Judge Cline's order in October 2001.

In May 2001, while the appeal was pending, Gwen sought ex parte relief, the precise nature of which is not clear from the record, but which apparently included access to the books of the trust and the appointment of an interim trustee or, alternatively, the freezing of distributions from the trust during

the pendency of the appeal. On the day of the ex parte hearing, James and John filed a peremptory challenge against Judge Cline, who denied the challenge on the ground he had ruled on contested fact issues. Judge Cline then set a hearing on Gwen's anticipated formal petition for interim relief and ordered James and John to make the books and records of the trust available to Gail and Gwen.

Gwen filed a formal petition requesting, among other things, an order removing the cotrustees and appointing an independent successor trustee or, alternatively, directing the cotrustees to act unanimously pending the appeal of Judge Cline's August 2000 order. James, John and Maxine filed a response and objections to the petition, and David made his first appearance in the proceedings by filing a joinder in James, John and Maxine's response and objections.

Five days after appearing, David filed a peremptory challenge against Judge Cline. Judge John S. Einhorn signed the challenge and reassigned the case to another judge, although he neglected to check the "granted" box on the peremptory challenge form. Three days later Gwen filed an objection to David's peremptory challenge on the ground it was untimely because Judge Cline had ruled on contested fact issues relating to the merits of the case. Judge Einhorn agreed with Gwen and issued an order striking David's peremptory challenge and rescinding his order granting the challenge.

David filed an ex parte application to reinstate the order granting his peremptory challenge. Judge Einhorn denied the application and invited David to test the validity of his ruling by filing the instant writ petition.

DISCUSSION

I

*Right of a Late-appearing Party in a Case Assigned to a Judge for All Purposes to Exercise a Peremptory Challenge*

David contends a late-appearing party in a case assigned to a judge for all purposes can exercise a peremptory challenge under Code of Civil Procedure section 170.6 within 10 days of appearing regardless of whether the challenged judge determined a contested fact issue relating to the merits *before* the appearance. Gwen contends a late-appearing party in a case assigned to a judge for all purposes cannot challenge a judge under section 170.6 if the judge determined a contested fact issue before the party appeared. The parties do not dispute that the instant case was assigned to Judge

Cline for all purposes or that Judge Cline determined contested fact issues before David's appearance.

■ The construction and interpretation of a statute are a question of law that we consider de novo on appeal. (*Sounhein v. City of San Dimas* (1996) 47 Cal.App.4th 1181, 1193 [55 Cal.Rptr.2d 290].) ■ " 'A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another . . . .' [Citations.]" (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1269 [18 Cal.Rptr.2d 120].)

■ Code of Civil Procedure section 170.6 permits a party to an action or proceeding to disqualify a judge for prejudice based on a sworn statement, without having to establish the prejudice as a fact to the satisfaction of a judicial body. (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 4 [91 Cal.Rptr.2d 116].) If a peremptory challenge motion in proper form is timely filed under section 170.6, the court must accept it without further inquiry. (77 Cal.App.4th at p. 4.)

Code of Civil Procedure section 170.6, subdivision (2) provides in part: "If [a peremptory challenge motion is] directed to the trial of a cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance." Section 170.6, subdivision (2) also provides: "The fact that a judge . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the [peremptory challenge] motion provided for herein at the time and in the manner hereinbefore provided." The implicit corollary to that provision is that if the judge has presided over a hearing, proceeding or motion prior to trial that *did* involve a determination of contested fact issues relating to the merits, a subsequent peremptory challenge motion is precluded as untimely. (*People v. Richard* (1978) 85 Cal.App.3d 292, 299 [149 Cal.Rptr. 344].)

Code of Civil Procedure section 170.6, subdivision (2) additionally provides: "In no event shall any judge, court commissioner, or referee entertain the motion if it be made after the drawing of the name of the first juror, . . . or after trial of the cause has otherwise commenced." Based on that provision, the California Supreme Court in *Jacobs v. Superior Court* (1959) 53 Cal.2d 187, 190 [1 Cal.Rptr. 9, 347 P.2d 9] articulated the following "continuation of proceedings" rule: "Although [section 170.6] does not

expressly so provide, it follows that, since the [peremptory challenge] must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings."

The rationale for the rule is that if a peremptory challenge is allowed in a proceeding that is a continuation of a prior proceeding in which trial occurred, "it would mean that the judge who tried the case, and who is ordinarily in the best position to pass upon the questions involved, could by a mere general allegation of prejudice, and without any judicial determination of the facts, be disqualified . . . . Such procedure would make it possible for litigants to gamble on obtaining a favorable decision from one judge, and then, if confronted with an adverse judgment, allow them to disqualify him . . . in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues." (*Jacobs v. Superior Court, supra,* 53 Cal.2d at p. 191.) The Supreme Court later explained: "The gravamen of the *Jacobs* decision establishes that a proceeding is a continuation of the original action out of which it arises if it involves 'substantially the same issues' as the original action." (*McClenny v. Superior Court* (1964) 60 Cal.2d 677, 684 [36 Cal.Rptr. 459, 388 P.2d 691].)

Based on the above cited provisions of Code of Civil Procedure section 170.6, subdivision (2), and case law, we offer the following analysis. A late-appearing party in a case assigned to a judge for all purposes has the right to exercise a peremptory challenge within 10 days after appearing in the case. However that right is subject to two exceptions under section 170.6, subdivision (2): a party cannot exercise a peremptory challenge after the commencement of trial, and a peremptory challenge is precluded after the judge has decided a contested fact issue relating to the merits. As we discuss below, these exceptions extend to any proceedings that are a continuation of proceedings in which they apply. Both exceptions reflect the Legislature's intent to strike a balance between the competing policies of ensuring a fair and impartial judiciary and discouraging "judge shopping." Once a case has progressed to the point where an assigned judge has presided over trial or any other proceedings involving the determination of contested fact issues relating to the merits, the policy of avoiding possible judicial bias by allowing a party to remove a judge without having to establish the judge's prejudice to the satisfaction of a judicial body must yield to the policy against judge shopping—i.e., removing an assigned judge from a case for reasons other than a good faith belief the judge is prejudiced. (See *In re Abdul Y.* (1982) 130 Cal.App.3d 847, 861 [182 Cal.Rptr. 146].)

The provision precluding a peremptory challenge after the judge has determined contested fact issues relating to the merits is at the end of Code

of Civil Procedure section 170.6, subdivision (2), following the various provisions setting forth time limits for making a peremptory challenge motion. It provides, by the use of a double negative, that a judge's determination of contested fact issues relating to the merits precludes "the later making of the motion provided for herein *at the time and in the manner hereinbefore provided.*" (§ 170.6, subd. (2), italics added.) This provision qualifies the provision allowing a peremptory challenge by a late appearing party because the "later making of the motion . . . at the time and in the manner hereinbefore provided" includes the making of the motion by a late-appearing party within 10 days of the party's appearance in a case assigned to a judge for all purposes. ▮ Accordingly, we hold that a late-appearing party in a case assigned to a judge for all purposes is precluded from challenging the judge under section 170.6 if the judge, prior to the party's appearance, determined a contested fact issue relating to the merits *and the party appears in the proceeding in which the judge made the determination or a subsequent proceeding that is a continuation of the proceeding in which the judge made the determination.*

We add the italicized qualification to our holding because the language of Code of Civil Procedure section 170.6 contemplates typical actions and proceedings involving one trial to which all other hearings and proceedings in the case relate. However, certain types of cases, like the instant trust administration case, are of indefinite duration and potentially include multiple, distinct proceedings involving unrelated evidentiary hearings, contested fact determinations and trials of causes involving different issues and even different parties. The contested fact determination provision in section 170.6, subdivision (2), specifically refers to determinations in "*a pretrial conference or other hearing, proceeding or motion prior to trial . . . .*" (Italics added.) In an ongoing probate case like the instant case, a proceeding involving contested fact issues becomes final as a result of an evidentiary hearing or trial and the exhaustion of, or failure to pursue, appellate remedies. If a new cause or contested proceeding not involving substantially the same issues as an earlier finalized proceeding is later commenced, a party who first appears in the new proceeding, and who may have had no interest to protect in the earlier proceeding, should not be barred from exercising a peremptory challenge under section 170.6 by a trial or judicial determination of contested fact issues in the earlier proceeding.

▮ The right to exercise a peremptory challenge under Code of Civil Procedure section 170.6 is a substantial right and an important part of California's system of due process that promotes fair and impartial trials and confidence in the judiciary. (*People v. Superior Court (Williams)* (1992) 8 Cal.App.4th 688, 697 [10 Cal.Rptr.2d 873].) As a remedial statute, section

170.6 is to be liberally construed in favor of allowing a peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it. (*People v. Superior Court (Williams), supra,* 8 Cal.App.4th at pp. 697-698.) By enacting section 170.6, the Legislature *guaranteed* litigants the right to automatically disqualify a judge based solely on a good faith belief in prejudice; proof of actual prejudice is not required. (*People v. Superior Court (Williams), supra,* 8 Cal.App.4th at p. 698.) Accordingly, we conclude that in a case of indefinite duration involving multiple and successive proceedings and causes, a late appearing party may, within 10 days of appearing, challenge an all purpose, assigned judge under section 170.6 if no trial has commenced and no contested fact determinations have been made in the proceeding in which the party appears, and that proceeding is not a continuation of an earlier proceeding in which the judge determined a contested fact issue or the trial of a cause commenced. (We do not address the extent to which a late-appearing party's right to exercise a peremptory challenge is affected by the provision in section 170.6, subdivision (3), that restricts parties to one peremptory challenge per side, as that provision is not at issue in this case.)

II

*David's Peremptory Challenge Is Barred by the Continuation of Proceedings Rule*

Under our analysis regarding a late-appearing party's right to exercise a peremptory challenge, the timeliness of David's peremptory challenge turns on whether the proceedings on Gwen's petition in which he filed his peremptory challenge were a continuation of the prior proceeding in which Judge Cline determined contested issues of fact. Preliminarily, we address David's contention that Gwen waived the continuation of proceedings issue by failing to raise it below. David acknowledges the well-settled rule that a new theory can be raised on appeal if it involves a question of law based on undisputed facts. He contends, however, that the continuation of proceedings theory is not a strictly legal theory but rather is very fact specific. There is no factual dispute as to what issues the court decided in the prior proceedings and what issues Gwen raised in her petition. Consequently, we can decide whether the latter is a continuation of the former as a question of law.

As we construe the continuation of proceedings rule, if a party would be barred for any reason from exercising a peremptory challenge in a particular proceeding—e.g., because trial commenced (see *Jacobs v. Superior Court, supra,* 53 Cal.2d 187), the court decided a contested fact issue relating to the merits (see *Conservatorship of Durham* (1988) 205 Cal.App.3d 548, 554

[252 Cal.Rptr. 414]) or the party's side has already exercised a peremptory challenge (see *Pappa v. Superior Court* (1960) 54 Cal.2d 350 [5 Cal.Rptr. 703, 353 P.2d 311])—the party is likewise barred from exercising a peremptory challenge in a later proceeding that qualifies as a continuation of—i.e., involves substantially the same issues as—the earlier proceeding in which the challenge would have been barred. (*McClenny v. Superior Court, supra,* 60 Cal.2d at p. 684.)

*McClenny* cited with approval a case that applied the continuation of proceedings rule "and held that the presentation in the supplementary proceeding of 'matters *necessarily relevant and material to the issues involved in the* [original] *action*' stamped the supplementary proceeding as a continuation of the original action." (*McClenny v. Superior Court, supra,* 60 Cal.2d at p. 684, fn. omitted.) Citing that language, *Andrews v. Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285, 295-299 [48 Cal.Rptr. 646], upheld the denial of a peremptory challenge in an action that essentially sought to modify an order still in effect in an earlier action, and thus was "demonstrably a *continuation* of, and *ancillary* to, [the previous action]." (*Id.* at p. 296, italics in original.) Gwen's petition in the instant case likewise is demonstrably a continuation of, and ancillary to, the previous proceedings in which Judge Cline determined contested fact issues.

Despite the fact Gwen was not a party to the prior proceedings, her petition directly concerned the controversy adjudicated in those proceedings, as it sought interim relief pending James, John and Maxine's appeal of Judge Cline's August 2000 orders. The appeal challenged, among other things, the order that Gwen is entitled to serve as the third cotrustee. Gwen's petition alleged she was still being denied the opportunity to serve as the third cotrustee and, like Gail's petition in the previous proceedings, asked the court to remove the cotrustees altogether and appoint a corporate trustee in their place. In the previous proceedings, John and James asked the court to allow the cotrustees to act by majority rather than unanimous vote. Gwen's petition asked the court to direct the cotrustees to act unanimously pending the outcome of the appeal. Although Gwen's petition is partly based on new facts that allegedly occurred after August 2000, it is largely based on allegations of misconduct by James and John before August 2000. The broad issue in both proceedings was the propriety and reasonableness of James and John's conduct as cotrustees and whether they mismanaged the trust. Although the parties who have participated in the proceedings commenced by Gwen's petition are not exactly the same as those who participated in the previous proceedings, the *interested* parties are the same, namely Maxine, the income beneficiary of the trust and the six children as remainder beneficiaries or cotrustees of the trust. Gwen's petition presented matters

necessarily relevant and material to the issues involved in the previous proceedings. We conclude the proceedings on Gwen's petition were a continuation of the previous proceedings in which Judge Cline determined contested fact issues. Accordingly, David's peremptory challenge was properly denied under the continuation of proceedings rule.

III

*Section 170.4, Subdivision (d) Does Not Preclude Judge Cline from Acting in the Case After Judge Einhorn Rescinded His Order Granting the Peremptory Challenge*

This court asked the parties for supplemental briefing on the issue of "whether . . . section 170.4, subdivision (d) precludes Judge Cline from acting in the case after Judge Einhorn apparently granted the disqualification motion on July 2, 2001."

Code of Civil Procedure section 170.4, subdivision (d) provides: "Except as provided in this section, a disqualified judge shall have no power to act in any proceeding after his or her disqualification or after the filing of a statement of disqualification until the question of his or her disqualification has been determined." Because section 170.4 is part of the group of statutes concerning disqualification of judges *for cause,* whether it applies to peremptory challenges under section 170.6 is questionable. Assuming, without deciding, that it does, we conclude it does not preclude Judge Cline from acting further in this case. Since Judge Cline apparently took no action in the case between the time Judge Einhorn granted David's peremptory challenge and the time he struck the challenge and rescinded his order granting it, the issue is whether Judge Einhorn's rescission of his prior order was valid— i.e., whether Judge Cline was precluded from acting in the case notwithstanding the rescission order.

■ In *People v. Castello* (1998) 65 Cal.App.4th 1242, 1248 [77 Cal.Rptr.2d 314], this court addressed the inherent powers of a court to correct erroneous rulings, noting: "A court's inherent powers are wide. [Citations.] They include authority to rehear or reconsider rulings: '[T]he power to grant rehearings is inherent,—is an essential ingredient of jurisdiction, and ends only with the loss of jurisdiction.' [Citations.]" (Accord, *Bernstein v. Consolidated American Ins. Co.* (1995) 37 Cal.App.4th 763, 774 [43 Cal.Rptr.2d 817] [court has complete power before entry of judgment to correct its own erroneous rulings and may change conclusions of law or findings of fact].) ■ We see no reason the court's inherent power to reconsider and correct erroneous rulings should not extend to orders on

peremptory challenge motions under Code of Civil Procedure section 170.6. Judge Einhorn had the inherent authority to correct his erroneous granting of David's peremptory challenge by rescinding his grant of the challenge and striking the challenge. The rescission effectively placed Judge Cline in the position he occupied before Judge Einhorn ruled on the peremptory challenge, and the simultaneous striking of the peremptory challenge effectively placed him in the position of never having been disqualified. Accordingly, section 170.4, subdivision (d) did not preclude Judge Cline from acting further in the case.

## DISPOSITION

The petition for writ of mandate is denied. The stay ordered on July 19, 2001, is vacated. Gwen is awarded her costs in this writ proceeding.

Nares, Acting P. J., and McConnell, J., concurred.