Filed 12/10/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MICHAEL EUGENE MAAS, | D064639 |
| Petitioner, | |
| | (San Diego County Super. Ct. Nos. SCE185960, SCE188460) |
| v. | |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

PROCEEDING in mandate following the superior court's denial of a petition

for writ of habeas corpus. Petition granted to address a peremptory challenge issue.

John M. Thompson, Judge.

Russell S. Babcock, under appointment by the Court of Appeal, for

Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Susan E. Miller, Deputy Attorneys General, for Real Party in Interest.

In this case, we hold that where petitioner collaterally attacks his criminal convictions and sentences by way of a petition for writ of habeas corpus and the matter is assigned to a judge other than the original trial judge, petitioner may assert a peremptory challenge under Code of Civil Procedure section 170.6 (section 170.6) to the judge assigned to the petition.

Petitioner Michael Eugene Maas petitions for writ of habeas corpus, raising issues regarding the validity of his sentence and ineffective assistance from his counsel.  He also contends the superior court denied him his statutory right under section 170.6 to challenge the judge assigned to his habeas corpus petition in that court.  We construe his section 170.6 argument as seeking a writ of mandate and grant relief on that ground.  We decline to address the remaining issues set forth in Maas's petition for writ of habeas corpus as they are premature.

FACTUAL AND PROCEDURAL BACKGROUND

In 1998, Maas was convicted of grand theft of an automobile and unlawful driving or taking of a vehicle.  He was sentenced to 25 years to life in prison.  In a subsequent case, he was convicted of burglary and forgery of a fictitious check and sentenced to a consecutive term of 25 years to life.  We affirmed the judgments of

2

conviction on appeal. (*People v. Thomas et al.* (Jan. 11, 2001, D031288 [nonpub. opn.]; *People v. Maas* (May 16, 2000, D032176) [nonpub. opn.].)

In July 2013, Maas petitioned for writ of habeas corpus in the superior court. (Undesignated date references are to the year 2013.) On July 19, Maas wrote a letter to the clerk of the superior court requesting his case number, the date of filing, and the name of the judge assigned to his petition. On July 29, Maas received a photocopy of the cover page of his petition, which was file stamped by the superior court on July 17. The cover page indicated the case number, but did not identify the judge assigned to the matter. Thus, on August 4, Maas again wrote to the superior court requesting the name of the judge. On August 7, the superior court, through the Honorable John M. Thompson, denied Maas's petition for writ of habeas corpus.

Maas petitioned this court for a writ of habeas corpus, raising many of the same issues he asserted in the superior court concerning the validity of his sentence and ineffective assistance from his counsel. He also argues that if he had been informed of the judge assigned to his superior court petition, he would have asserted a challenge under section 170.6 because Judge Thompson was biased against him. He submitted a declaration in this court stating that if he had been advised Judge Thompson was assigned to review his petition in the superior court, he would have requested another judge.

We requested an informal response from the Attorney General addressing Maas's contention that he was denied the right to file a peremptory challenge under section 170.6. After receiving that response, we issued an order to show cause and

3

appointed counsel for Maas. Maas's appointed counsel submitted a supplemental petition for writ of habeas corpus.

DISCUSSION

"Section 170.6 permits a party to an action to disqualify summarily an assigned judge based on a sworn statement of the party's belief that the judge is prejudiced against that party or the party's attorneys. Provided the statement is timely and in proper form, the judge has no discretion to refuse the challenge. [Citations.] The right to disqualify a judge under section 170.6 '"is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required."'" (*Pickett v. Superior Court* (2012) 203 Cal.App.4th 887, 892.)

By its terms, section 170.6 applies in any "civil or criminal action or *special proceeding of any kind or character*." (§ 170.6, subd. (a)(1), italics added.) A petition for writ of habeas corpus "is generally regarded as a special proceeding." (*People v. Villa* (2009) 45 Cal.4th 1063, 1069.) Thus, subject to the limitations set forth in section 170.6 and case authority (see, e.g., *Yokley v. Superior Court* (1980) 108 Cal.App.3d 622), a petitioner seeking a writ of habeas corpus may assert a challenge to the judge assigned to the petition.

"The right to exercise a peremptory challenge under . . . section 170.6 is a substantial right and an important part of California's system of due process that promotes fair and impartial trials and confidence in the judiciary. [Citation.] As a remedial statute, section 170.6 is to be liberally construed in favor of allowing a

4

peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it. [Citation.]" (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 60, 61-62.)

Here, the Attorney General does not contend that Maas did not have a right to assert a section 170.6 challenge to Judge Thompson. Instead, the Attorney General asserts arguments based on procedure and form. Specifically, the Attorney General argues Maas's section 170.6 claim lacks merit because he raised it within an ineffective assistance of counsel argument and the claim is not supported with proper documentation. We find these arguments unavailing.

First, although Maas did not separately indentify his section 170.6 argument as a ground for relief, he clearly set forth the argument and supporting facts. The argument is encompassed within a claim related to ineffective assistance from counsel, but it is clear that he is complaining regarding the superior court's failure to provide notice of the assigned judge and his resulting inability to assert a section 170.6 challenge to Judge Thompson.

Second, the Attorney General's argument that Maas did not support his section 170.6 challenge with proper documentation ignores the fact that Maas did not have an opportunity to challenge Judge Thompson's assignment because Maas was not provided with advance notice of the judge assigned to review the petition. According to Maas, he sent the superior court multiple requests for the identity of the judge assigned to his petition, but the superior court did not provide the information. Instead, the first time Maas learned that Judge Thompson would

5

review his petition was upon receiving Judge Thompson's decision. The Attorney General has not proffered evidence suggesting Maas had *advance* notice of Judge Thompson's assignment. Without *advance* notice of the assignment, Maas did not have an opportunity to file a section 170.6 challenge in the superior court.

Based on the record before us, it is clear that Maas was improperly denied his right to assert a section 170.6 challenge to Judge Thompson in the superior court. At this point, however, it would serve no useful purpose and would result in a waste of judicial resources to require Maas to file a section 170.6 challenge to Judge Thompson in the superior court. Based on Maas's arguments and declaration in this court, we accept as true his claim that had he been provided notice of Judge Thompson's assignment, he would have asserted a section 170.6 challenge because he believed Judge Thompson was biased against him. Maas's good faith belief that Judge Thompson was prejudiced against him was sufficient to require Judge Thompson's disqualification. (*Pickett v. Superior Court*, *supra*, 203 Cal.App.4th at p. 892.)

We deem Maas's petition herein as seeking a writ of mandate directing the superior court to vacate its August 7, 2013, order denying Maas's petition for writ of habeas corpus and grant that relief. We also direct the superior court to reassign Maas's petition to a judge other than Judge Thompson for decision. Because this opinion directs the superior court to issue a new decision on Maas's habeas petition, it would be premature for this court to review the merits of the petition filed in this court. (See *In re Hillery* (1962) 202 Cal.App.2d 293, 294.)

6

DISPOSITION

Let a writ of mandate issue directing respondent superior court to vacate its August 7, 2013, order denying Maas's petition for writ of habeas corpus. Thereafter, the superior court shall reassign Maas's petition for writ of habeas corpus for decision by a judge other than Judge Thompson.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

McDONALD, J.

7