Filed 9/1/22  P. v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E079498 |
| v. | (Super.Ct.No. FVI22000518) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| CHRISTOPHER PEDRO BERNAL, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate.  Shannon L. Faherty, Judge.  Petition granted.

Jason Anderson, District Attorney, Sean Daugherty, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

1

## INTRODUCTION

The People (petitioner) seeks a writ of mandate compelling the superior court to vacate its order denying as untimely petitioner's motion to disqualify Judge Joni Sinclair under Code of Civil Procedure section 170.6[1] and to enter a new order granting the motion. Because it appears to this court that the motion was timely filed, we direct the superior court to grant the motion.

## FACTS

On February 28, 2022,[2] petitioner filed a felony complaint charging real party in interest, Christopher Pedro Bernal, with two counts of first degree burglary (Pen. Code, § 459) and one count of grand theft (Pen. Code, § 487, subd. (a)), and alleging that he has two "strike" priors (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and two serious felony priors (Pen. Code, § 667, subd. (a)(1)).

The pre-preliminary hearing was set before Judge Joseph Widman on March 8, and at Bernal's request was continued first to April 6, then to May 16 (all before Judge Widman), then to June 13.

Beginning June 13, each appearance was before Judge Sinclair. Bernal requested a continuance to July 12. On July 12, Bernal was not present because he was in custody and in quarantine. The hearing was continued to July 21, on which date Bernal requested to continue the case to August 5 for "possible inclusion into MDD."

---

[1] All further code references are to the Code of Civil Procedure unless otherwise indicated.

[2] All dates are in 2022.

Petitioner filed a peremptory challenge motion on July 22, 13 days before the hearing set for August 5. On July 26, the supervising judge denied the motion on the ground that it "was not filed timely" and mistakenly stated the motion had been filed on July 25. The order states: "this case remains assigned for all purposes to Judge Joni Sinclair."

Petitioner filed this petition seven days later, on August 2. On August 4, this court stayed the proceedings, invited respondent and Bernal to file a response to the petition within 15 days, and notified the parties that, unless good cause is shown, the court may issue a peremptory writ in the first instance pursuant to *Palma v. U.S. Industrial Fasteners, Inc*. (1984) 36 Cal.3d 171, 178. Neither respondent nor Bernal filed a response.

### DISCUSSION

Petitioner argues that the peremptory challenge was timely filed on July 22, 13 days before the August 5 hearing. This is because no all-purpose assignment had been made, and Judge Sinclair had never ruled on contested issues related to the merits and, thus, the challenge needed only to have been filed at least five days prior to the August 5 hearing pursuant to section 170.6, subdivision (a)(2). Petitioner is correct.

An order denying a request to disqualify a judge is reviewable by a petition for writ of mandate filed within 10 days after notice of the order, with an additional five days if notice is mailed. (§170.3, subd. (d).) This petition was therefore timely filed because it was filed seven days after the denial order on July 26.

3

A party or the party's attorney may challenge an assigned bench officer by filing a declaration stating he or she believes the judge will not be fair or impartial. (§ 170.6, subd. (a)(2).) So long as the motion " 'is timely and properly made, immediate disqualification is mandatory.' " (*Spruance v. Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 797.)

"If the judge, other than a judge assigned to the case for all purposes . . . assigned to, or who is scheduled to . . . hear the matter is known at least 10 days before the date set for . . . hearing, *the motion shall be made at least 5 days before that date*. . . . If directed to the trial of a criminal cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party *within 10 days after notice of the all purpose assignment* . . ." (§ 170.6, subd. (a)(2), italics added.) Petitioner correctly asserts that Judge Sinclair had not been assigned for all purposes.

Further, section 170.6 states: "The fact that a judge . . . has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial, and not involving a determination of contested fact issues relating to the merits, shall not preclude the later making of the [section 170.6] motion . . . ." (§ 170.6, subd. (a)(2).) Implicit to this provision is the corollary that "if the judge has presided over a hearing, proceeding or motion prior to trial that *did* involve a determination of contested fact issues relating to the merits, a subsequent peremptory challenge motion is precluded as untimely." (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 59.)

4

Each of the hearings at which Judge Sinclair presided was continued, so she made no determination of contested fact issues.

For these reasons, the motion was timely and should have been granted.

### DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of July 26, 2022, denying the motion for disqualification of Judge Joni Sinclair made under section 170.6, and to enter a new order granting the motion and assigning the matter to another judge.

The stay issued on August 4, 2022, is vacated as of the date this opinion is final in this court.

This opinion is final as to this court forthwith.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:

FIELDS_____
J.

SLOUGH_____
J.

5