Filed 12/19/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JACK FRY et al., | B248923 |
| Petitioners, | (Los Angeles County Super. Ct. No. BS140201) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent. | |

ORIGINAL PROCEEDINGS in mandate.  Joanne O'Donnell, Judge.
Petition denied.

Rosen Bien Galvan & Grunfeld, Ernest Galvan and Margot Mendelson, for
Petitioners.

Frederick R. Bennett for Respondent.

_____

Petitioners Jack Fry, Gary Cline, Sandra Carlsen, Yvette Moreno, and the Retired Fire & Police Association argue the trial court erred by denying as untimely their motion to disqualify itself pursuant to Code of Civil Procedure section 170.6.[1] We disagree. The petition is denied.

## BACKGROUND

This petition arises from writ proceedings below filed against the City of Los Angeles. On March 18, 2013, the clerk of the Los Angeles Superior Court notified petitioners that the case had been assigned to Judge Joanne O'Donnell in Department 86, a writs and receivers department. On April 3, petitioners' counsel faxed an affidavit of prejudice concerning O'Donnell to the court's "central fax filing office." The affidavit, set forth on Los Angeles Superior Court Form LACIV 015, which is entitled:

"**AFFIDAVIT OF PREJUDICE**

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

**(Code Civ. Proc., § 170.6)**"

Form LACIV 015 provided in full the following: "I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer."

The affidavit identified the parties and case number, identified Judge O'Donnell as the bench officer being challenged, and set forth her department number. No separate motion accompanied the affidavit and no plea for relief was made other than was implied by the title of Form LACIV 015.

---

[1] All further statutory references are to the Code of Civil Procedure.

2

Along with Form LACIV 015, petitioners' counsel transmitted Judicial Council Form MC-005, entitled "Facsimile Transmission Cover Sheet." Form MC-005 had three lines addressed "**TO THE COURT**:"

"1. **Please file** the following transmitted documents in the order listed below:"

"2. □ **Processing instructions** consisting of: _____ pages are also transmitted."

"3. □ **Fee required** □ Filing fee □ Fax fee (Cal. Rules of Court, rule 10.815)"

Petitioners' counsel indicated under the first line that the document being transmitted was Form LACIV 015, and under the third that he would be paying the fax fee set forth in California Rules of Court, rule 10.815. Counsel left the box in the second line blank, indicating no processing instructions would be transmitted.

The clerk's office marked the prejudice affidavit as received on April 3, 2013, the day it was transmitted, but took no further action, i.e., did not forward it either to Judge O'Donnell or the presiding judge.

On May 14, 2013, petitioners' counsel inquired about the affidavit and was informed it had been lost.

Counsel thereafter applied ex parte to Judge O'Donnell for a nunc pro tunc order deeming the affidavit to have been filed as of April 3. The parties stipulated to that order but Judge O'Donnell denied both the application and petitioners' section 170.6 challenge, stating in a minute order, "Pursuant to Code of Civil Procedure Section 170.6, 'the motion shall be made to the assigned judge or to the presiding judge.' [¶] Fax-filing to the clerk's office is insufficient. [¶] Plaintiff's ex parte application does not include evidence that any 170.6 was timely filed in Department 86 or with the Presiding Judge. It is of no consequence that the parties have stipulated to the filing of the peremptory challenge. See Code of Civil Procedure Section 170."

3

After the court denied petitioners' 170.6 challenge they filed a petition for a writ of prohibition and or mandate, complaining the court had no authority to find that fax filing was "insufficient" for a section 170.6 challenge. Real parties City of Los Angeles and the Board of the Los Angeles Department of Fire and Police Pensions take no position on this petition.

We invited a response from the superior court due to the impact any ruling would have on the court's case management system. (*Hemingway v. Superior Court* (2004) 122 Cal.App.4th 1148, 1153 [treating a trial court's return as an amicus curiae brief filed in support of real party in interest].) After receiving the court's informal response, we issued an order to show cause and invited a formal return from the superior court. The court then filed a return, to which petitioners have replied.

After oral argument we requested further briefing on three questions: (1) Did the reference to Judge O'Donnell on Los Angeles Superior Court Form LACIV 015 have the effect of directing the form to Judge O'Donnell? Was the form otherwise directed either to Judge O'Donnell or the presiding judge? (2) Did the facsimile cover sheet accompanying Form LACIV 015 direct the form either to Judge O'Donnell or the presiding judge? And (3) assuming Form LACIV 015 was not directed to Judge O'Donnell or the presiding judge, did petitioners' effect any cure, i.e., take any later action that resulted in such direction?

Petitioners and respondent provided the briefing, which we have considered.

**DISCUSSION**

Petitioners contend the trial court erred by ruling a peremptory challenge submitted by way of facsimile filing to the clerk's office fails to satisfy the requirement of section 170.6, subdivision (a)(2) that the challenge "be made to the assigned judge or to the presiding judge." Respondent counters with three arguments. First, respondent argues petitioners' peremptory challenge was improper because the prejudice affidavit was unaccompanied by a written or oral

4

motion. Respondent also argues the challenge was improper because it was not directed to Judge O'Donnell or the presiding judge, as section 170.6 requires. Finally, respondent argues writs and receivers documents may not be filed at the court's central filing window by facsimile transmission. We reject respondent's first and third arguments but agree with the second.

**A Section 170.6 Challenge set forth on Form LACIV 015 is Proper**

"The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate." (§ 170.3, subd. (d).) We review the determination for abuse of discretion. (*Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315.)

Section 170.6 was enacted in 1957 and "represented the culmination of many years' effort by the organized bar of this state to obtain legislation which would permit the challenge of a judge for prejudice without an adjudication of disqualification." (*Johnson v. Superior Court* (1958) 50 Cal.2d 693, 696 (*Johnson*).) Pursuant to the statute, a party or its lawyer may peremptorily challenge a judge by making "an oral or written motion without prior notice supported by affidavit" to the effect that the judge is prejudiced against the party or its attorney so that the party believes it cannot have a fair and impartial trial before that judge. (§ 170.6, subd. (a)(2).) "If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment . . . ." (*Ibid.*)

Thus, "[s]ection 170.6 guarantees 'to litigants an extraordinary right to disqualify a judge. The right is "automatic" in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required. [Citations.]' [Citations.] The object of this section is to provide the party and attorney with a substitution of judge to safeguard the right to a fair trial or hearing. [Citation.] This section is intended to ensure confidence in the judiciary and avoid the suspicion which might arise from the belief of a litigant

5

that the judge is biased where such belief is difficult, if not impossible, to prove. [Citation.] The section is liberally construed and the trend is to grant relief unless absolutely forbidden by statute. [Citations.]" (*People v. Superior Court* (*Maloy*) (2001) 91 Cal.App.4th 391, 394-395; see also *Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 61-62 ["As a remedial statute, section 170.6 is to be liberally construed in favor of allowing a peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it"].) "Courts must refrain from any tactic or maneuver that has the practical effect of diminishing" the important right to exercise the challenge (*Hemingway v. Superior Court, supra,* 122 Cal.App.4th at p. 1158).

The Los Angeles Superior Court immediately attacked the constitutionality of section 170.6, contending that because the statute required a litigant neither to specify grounds constituting the basis of, nor prove the prejudice allegation, section 170.6 unconstitutionally empowered litigants and their attorneys to control judicial processes. (*Johnson*, *supra*, 50 Cal.2d at pp. 695-696.) Our Supreme Court rejected the argument. It observed that "[p]rejudice, being a state of mind, is very difficult to prove, and, when a judge asserts that he is unbiased, courts are naturally reluctant to determine that he is prejudiced." (*Id*. at p. 697.) By permitting a party to avoid the difficult or impossible task of persuading a court that his or her belief in judicial prejudice is justified, section 170.6 alleviated suspicion of unfairness while promoting the integrity and fairness of the judiciary. (*Ibid*.) Twenty years later in *Solberg, supra,* the court reaffirmed the rule that a party seeking disqualification under section 170.6 need neither prove nor even allege the cause of his or her belief of judicial prejudice. (19 Cal.3d at p. 187.)

Section 170.6 requires the party or attorney submitting the peremptory challenge to file not only an affidavit of prejudice but also an oral or written motion "made to the assigned judge or to the presiding judge." (§ 170.6, subd. (a)(2); *Schoenberg v. Romike Properties* (1967) 251 Cal.App.2d 154, 164.) The

6

motion constitutes the application for an order justified by the affidavit. (See § 1003 [a motion is an application for an order].)

Here, petitioners filed only Form LACIV 015. Respondent argues Form LACIV 015 does not constitute a section 170.6 motion because it contains no language seeking explicit relief. We disagree. Form LACIV 015 has two principal lines in its title. The first, "Affidavit of Prejudice," indicates the document contains the affidavit necessary for a section 170.6 challenge. The second line, "Peremptory Challenge to Judicial Officer," indicates the document also constitutes the motion that must accompany a 170.6 affidavit. The form is widely used in Los Angeles County as the only document necessary for a section 170.6 challenge. By fulfilling two roles at once, Form LACIV 015 economically satisfies section 170.6. There is no requirement either that the form contain additional language setting seeking an order of disqualification or that the challenger file a separate document to do so.

**Petitioners' 170.6 Challenge was Improper Because it was not Made to the Assigned Judge or Presiding Judge**

Respondent contends petitioners' section 170.6 challenge was ineffective because it was not made to the assigned judge or presiding judge. We agree.

As noted, section 170.6 requires that a peremptory challenge of an assigned judge be "made to" that judge or the presiding judge. (§ 170.6, subd. (a)(2).) Furthermore, "[a] party filing a document directly by fax must use the Facsimile Transmission Cover Sheet (Fax Filing) (form MC-005). The cover sheet must be the first page transmitted, to be followed by any special handling instructions needed to ensure that the document will comply with local rules." (Cal. Rules of Court, rule 2.304(b).)

Here, petitioners fax filed Form LACIV 015 with the clerk's office, but because they provided no processing instructions, they failed to indicate to whom the challenge should be directed.

7

We are mindful that section 170.6 challenges are to be liberally permitted notwithstanding minor procedural irregularities. For example, in *Solberg, supra,* the court examined whether a prosecutor's "blanket challenges" to a judge, purportedly motivated not by any fear of bias but by prosecutorial discontent with the judge's prior rulings, constituted bad faith claims of prejudice that should not be honored under section 170.6. (19 Cal.3d at pp. 188, 203.) The court held that even blanket prejudice affidavits should be honored notwithstanding the potential for misuse. (*Id*. at p. 204; see *Retes v. Superior Court* (1981) 122 Cal.App.3d 799, 807 [a party's right to exercise a peremptory challenge may not be defeated by a correctible failure to sign the prejudice declaration]; *Hemingway v. Superior Court*, *supra*, 122 Cal.App.4th at p. 1158 [trial court may not require a defendant to file a peremptory challenge too early in a criminal case].)

But we cannot even in the general course endorse the practice of filing a section 170.6 challenge at the clerk's window without processing instructions, as to do so risks delay and duplicative work by both the clerk and assigned judge and invites mischief. Because section 170.6 provides that a document may be transmitted to either of two judges it is incumbent upon the petitioner to specify which is intended. The court clerk has no way to know to whom the petitioner intends the challenge to be transmitted and no way of knowing how important that decision is, and should not be forced either to guess the petitioner's intent or make further contact with petitioner to obtain clarification. These concerns are especially pressing in fast-moving departments such as writs and receivers, which often process cases in days rather than weeks and where substantial judicial resources may be expended on a matter while an undirected peremptory challenge works its way through the clerk's office. Further, a litigant might deliberately fail to specify to whom a challenge should be directed in the hope that if it becomes delayed or lost, as petitioners' challenge was here, it can be ignored or resurrected nunc pro tunc, as the petitioner chooses, depending on whether the litigant receives favorable or adverse rulings.

8

Where a form provides a means of supplying processing instructions, a party is expected to supply them when needed. If it does not, it must bear the risk of delay, including the risk that a statutory time limitation will run. Because the peremptory challenge here was directed to no one, it was not "made to" either Judge O'Donnell or the presiding judge, and denial of the challenge was correct.

**Local Rules Permit Central and Facsimile Filing in Writs and Receivers Departments**

As noted above, her minute order rejecting petitioners' peremptory challenge Judge O'Donnell noted stated, "Fax-filing to the clerk's office is insufficient." We assume Judge O'Donnell meant, as we conclude above, that the facsimile filing of an undirected peremptory challenge fails to satisfy section 170.6.

The superior court's counsel argues that because a 170.6 challenge must be made to the trial judge or presiding judge it cannot be filed at the court's central filing window by facsimile transmission.[2] We disagree. "A party may file by fax directly to any court that, by local rule, has provided for direct fax filing." (Cal. Rules of Court, rule 2.304(a).) A court receives a document through the court clerk and deputy clerks, who are the court's agents. (Cal. Rules of Court, rule 1.20(a) ["a document is deemed filed on the date it is received by the court clerk"]; see Super. Ct. of L.A. County, Local Rules, rule 1.1 (a) ["clerk" means the Clerk and any deputy clerks of the Superior Court of Los Angeles County].) Therefore, filings in writs and receivers cases may be made to the court clerk or a deputy clerk. We do not read the provision in section 170.6 that a peremptory challenge be "made to" the assigned or presiding judge as requiring that the challenge be handed to the judge personally. Rather, the challenge is properly filed with the

---

[2] Nothing in the record suggests Judge O'Donnell based her ruling on this understanding of the statute.

9

court clerk. The Clerk of the Los Angeles Superior Court and his deputies receive documents both in courtrooms and central filing windows.

Court counsel argues facsimile filing is not permitted in writs and receivers departments in the Los Angeles County Superior Court because those departments are not "general" civil courts for purposes of Rule 2.22. Again, we disagree. Los Angeles Superior Court Local Rule 2.22 (Rule 2.22) permits facsimile filing "in general civil, family law, and probate cases." A writ proceeding is a civil case.

Court counsel notes that subdivision (d)(1) of Los Angeles Superior Court Local Rule 2.5 which provides that "[f]or purposes of a section 170.6 challenge, the unlimited civil courts and *specialized civil courts (writs and receivers)* are direct calendar courts with an all purpose assignment to which the 15-day all purpose assignment rule applies." (Rule 2.5, italics added.) The argument is that by parenthetically characterizing a writs and receivers department as a "specialized" civil court, Rule 2.5 implies a writ proceeding is not a "general civil" case. Because Rule 2.22 permits facsimile filing only in general civil cases, the argument goes, facsimile filing is not permitted in writs and receivers departments.

We admire the hermeneutic but are not persuaded.[3] Rule 2.22 uses the word "general" not to modify "civil," but to modify "civil, family law, and probate cases." The intent is not to create a distinction between general and specialized civil cases but to inform litigants that facsimile filing is ordinarily permitted in civil, family law and probate cases, and to further inform them that circumstances might arise where such filing would not be permitted.

In sum, when a court agrees to accept documents by facsimile transmission at a central filing office—as the superior court has done here—a motion thus submitted satisfies the requirement that it be "made to" the judge—even a writs

---

[3] Nothing in the record suggests Judge O'Donnell based her ruling on a similar interpretation of the local rules.

and receivers judge—to whom it is directed.  If the superior court wishes not to receive writs and receivers documents or section 170.6 challenges at the central filing window it may say so.  (See Super. Ct. L.A. County, Local Rules, rule 3.4 [specifying that opposition or reply papers must be filed in the relevant department].)  But the court cannot "leave[] counsel guessing when and where a section 170.6 challenge must be filed."  (*Ruiz v. Appellate Division of the Superior Court* (2004) 119 Cal.App.4th 282, 291.)

## DISPOSITION

The petition for writ of mandate is denied.  Each side to bear its own costs.

CERTIFIED FOR PUBLICATION.

CHANEY, J.

We concur:

MALLANO, P. J.

JOHNSON, J.

11