Filed 6/10/16  Torricellas v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THERESA TORRICELLAS,

    Petitioner,

v.

THE SUPERIOR COURT OF
RIVERSIDE COUNTY,

    Respondent;

PHYLLIS BURKHART, et al.,

    Real Parties in Interest.

E065723

(Super.Ct.No. RIC1509979)

OPINION

ORIGINAL PROCEEDINGS; petition for writ of mandate or prohibition.

Sunshine S. Sykes, Judge.  Petition granted.

Theresa Torricellas, in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

1

The court has read and considered the petition for writ of mandate and requested an informal response from real parties in interest. Our order requesting an informal response notified real parties in interest that a peremptory writ might issue unless it showed good cause to the contrary, but real parties in interest failed to respond in any way. We now issue a peremptory writ in the first interest because real party in interest received "due notice" (Code Civ. Proc., § 1088) and "it appears that the petition and opposing papers on file adequately address the issues raised by the petition, that no factual dispute exists, and that the additional briefing that would follow issuance of an alternative writ is unnecessary to disposition of the petition." (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is the plaintiff in an action in the trial court. On March 4, 2016, she filed a statement alleging two judges who had taken action in her case were biased against her and therefore disqualified from taking further actions in the case. (Code Civ. Proc., § 170.3, subd. (c)(1).) One of those judges filed an order striking the statement of disqualification on March 18, 2016. This petition challenges that order.

## DISCUSSION

Petitioner contends the trial court's failure to strike or answer her statement of disqualification within 10 days must be deemed a consent to disqualification. (Code Civ. Proc., § 170.3, subd. (c)(4).) We agree.

2

A writ of mandate is the sole means of review of a trial court "determination of the question of the disqualification of a judge." (Code Civ. Proc., § 170.3, subd. (d).) "We review [such a] determination for abuse of discretion." (*Fry v. Superior Court* (2013) 222 Cal.App.4th 475, 481.)

Subdivision (c)(1) of Code of Civil Procedure section 170.3 allows a party who thinks a judge should be disqualified to file a statement of disqualification for cause. Subdivision (c)(3) of the same statute allows the judge who is allegedly subject to disqualification to file either a consent to disqualification or an answer. A judge who is challenged by a statement of disqualification may also strike that statement if it "is untimely filed or if on its face it discloses no legal grounds for disqualification." (Code Civ. Proc., § 170.4, subd. (b).)

However, a judge who is challenged by a statement of disqualification only has 10 days from the date of filing to file an answer or consent to disqualification. (Code Civ. Proc., § 170.3, subd. (c)(3).) Similarly, subdivision (c)(4) of Code of Civil Procedure section 170.3 reads: "A judge who fails to file a consent or answer within the time allowed shall be deemed to have consented to his or her disqualification and the clerk shall notify the presiding judge or person authorized to appoint a replacement of the recusal as provided in subdivision (a)." This means that a judge who fails to strike an untimely or legally insufficient statement of disqualification within 10 days of its filing will be automatically disqualified. (*Lewis v. Superior Court* (1988) 198

3

Cal.App.3d 1101, 1103-1104; *Urias v. Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 420-422.)

In this case, the trial court struck petitioner's statement of disqualification more than 10 days after it was filed.

The March 18, 2016 striking of the March 4, 2016 statement of disqualification was untimely and therefore ineffective. This means that both of the judges petitioner sought to have disqualified are deemed disqualified. (Code Civ. Proc., § 170.3, subd. (c)(4).) The trial court abused its discretion by purporting to strike petitioner's statement of disqualification after its power to do so had elapsed.

<u>DISPOSITION</u>

Let a peremptory writ of mandate issue directing the respondent Superior Court of Riverside County to vacate the March 18, 2016 order striking petitioner's statement of disqualification. Judges Sunshine S. Sykes and Gordon R. Burkhart are disqualified from "further participat[ing] in the proceeding" (Code Civ. Proc., § 170.3., subd. (a)(1)) by operation of law. The stay of proceedings heretofore imposed shall be dissolved upon the finality of this decision.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

Each party to bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

SLOUGH
J.